WHEELER v. STATE OF INDIANA.

[No. 23,359.   Filed April 18, 1919.]

CRIMINAL LAW.—Appeal.—Briefs.—Sufficiency.—Where the appellant's brief fails to make clear what error is complained of, and is in such condition that the question whether error was committed cannot be determined from it, the court on appeal will not search the record to find error, in view of the fifth clause of Rule 22.

From Marion Criminal Court (45,763) ; James A. Collins, Judge.

Prosecution by the State of Indiana against Charles Wheeler. From a judgment of conviction the defendant appeals. Affirmed.

Joseph G. Graham and Roach & Ballard, for appellant.

Ele Stansbury, Attorney-General, Alvah J. Rucker, Elmer E. Hastings and Dale F. Stansbury, for the state.

TOWNSEND, J.—Appellant was convicted of murder in the first degree, and sentenced to life imprisonment.

Appellant's brief is in such condition that we cannot tell that any error was committed. It presents numerous motions at numerous times with reference to the jury, and indicates that evidence was heard on these

motions and examination of jurors made, and examination of jury commissioners made; but it is nowhere made clear what error appellant is complaining of. When he complains of the exclusion of evidence to sustain a motion, he does not set out the questions, the offers to prove and the rulings of the court thereon, or exception thereto, or tell where this may be found; in fact, does nothing to make his pretended points intelligible.

From what we are able to gather from the oral argument and the brief of the state, we are inclined to think that all of the errors of the court lean towards virtue's side. That is to say, that because appellant was a person of African descent, the court permitted his lawyers greater latitude in motions and objections, and contentions about different things, in the introduction of evidence thereon, than the law required him to give them. It appears that the trial court was more than fair to appellant.

The brief being in such condition that even the counsel who argued the case orally cannot understand it himself, we are at a loss to know why we should be called upon to search the record to find some error. Subdivision 5, Rule 22, is too plain to require construction.

Judgment of the trial court is affirmed.

Note.—Reported in 122 N. E. 769.