## KELLAR v. STATE OF INDIANA.

[No. 24,028. Filed April 5, 1922.]

1. CRIMINAL LAW.— *Appeal.*— *Questions Reviewable.*— *Instructions.*—The contention in the motion for a new trial that an instruction is wrong in spirit presents no question for consideration on appeal. p. 40.

2. CRIMINAL LAW.—*Trial.*—*Incomplete Instructions.*—Where an instruction on the subject of circumstantial evidence was right as far as it went, if defendant desired a more complete instruction on the subject, he should have tendered one with the request that it be given. p. 40.

3. CRIMINAL LAW.—*Appeal.*—*Review.*—*Instructions.*—*Presumption of Innocence.*—In a prosecution for rape, an instruction that the defendant is not called upon to establish his innocence, as the law presumes him innocent "notwithstanding" the charge against him, it was reversible error to refuse to give a re-

quested instruction negativing the possible inference arising from the use of the word "notwithstanding" that the charge against defendant was some evidence of his guilt, especially as the evidence was largely circumstantial and did not point unerringly to defendant's guilt.  p. 40.

4.  CRIMINAL LAW.—Appeal.—Refusal of Instructions.—Duplication.—It is not error to refuse requested instructions, where others given cover the substance thereof. . p. 41.

From Clark Circuit Court; James W. Fortune, Judge.

Prosecution by the State of Indiana against Enoch Kellar.   From a judgment of conviction, the defendant appeals.   Reversed.

George B. McIntyre and L. A. Douglass, for appellant.
U. S. Lesh, Attorney-General, and Mrs. Edward Franklin White, for the state.

WILLOUGHBY, J.—The appellant appeals from the judgment upon a conviction on the charge of rape.   He claims that the court erred in overruling his motion for a new trial, in which he alleged that the verdict was not sustained by sufficient evidence and was contrary to law, and the court erred in giving and refusing certain instructions.

He claims that instructions numbered 2, 3, 5, 6 and 6½ given by the court on its own motion were erroneous, and that the court erred in refusing to give each of the instructions numbered 1, 5, 6 and 7 tendered by the defendant.  He claims that instruction No. 3, given by the court of its own motion, is erroneous as a whole but does not explain or point out any particular error contained in said instruction, and we are unable to find any error of law stated in it.   It informed the jury of their right in a criminal case to determine the law and the facts.   The instruction was a fair statement of the law upon that subject and was not erroneous.   Blaker v. State (1892), 130 Ind. 203, 29 N. E. 1077; Bridgewater v. State (1899), 153 Ind. 560, 55 N. E. 737.

Instruction No. 5, he says, is wrong in its spirit. This raises no question for the consideration of this court.

Instruction No. 6, given by the court of its own

1, 2. motion, he says, under points and authorities, is erroneous, but does not point out any error of law contained in it. It was on the subject of circumstantial evidence. It was right as far as it went and if the appellant desired a fuller instruction on that subject, he should have tendered one with the request that it be given.

Instruction numbered 6½ given by the court of its own motion, related to character evidence given by the defendant. It stated the law correctly. *Rollins* v. *State* (1878), 62 Ind. 46; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039.

Instruction No. 2, given by the court upon its own motion contains this expression: "Upon the issues thus joined the defendant has been put upon

3. trial. He is not called upon to establish his innocence, for notwithstanding the charge against him, for all purposes of this trial, the law presumes him innocent of the commission of any crime."

The affidavit or charge against the defendant in a criminal case is not evidence and should not be considered by the jury in determining the guilt or innocence of the defendant. The word "notwithstanding" as used in this instruction is an unfortunate expression because it seems to say to the jury that in spite of the charge against the defendant the law presumes him innocent. The jury might easily infer from this expression that the affidavit is some evidence against him and might be considered by them in determining his guilt or innocence. The appellant, in view of this instruction presented to the court the following instruction with the request that it be given:

"No. 1. The court further instructs you that the

mere fact that an affidavit has been filed against the defendant does not raise any presumption whatever that the defendant is guilty of the offense and you must not take the filing of an affidavit against the defendant as raising any presumption against him. But each of you must be satisfied beyond a reasonable doubt, by the evidence here introduced before you, without reference to the fact that an affidavit has been so filed against the defendant, that the defendant is guilty of one of the offenses covered by the affidavit, otherwise there can be no conviction."

This instruction was refused and the court did not give any instruction containing its substance.

In view of the statement contained in instruction No. 2, of the court's series of instructions given, it was error for the court to refuse this instruction so tendered by appellant. The question then arises whether it was harmful error. The evidence in this case was largely circumstantial, especially as to the identification of the appellant, and after carefully examining the evidence in the case, we cannot say that it points so unerringly to the guilt of the defendant that the refusal to give this instruction was harmless. It was therefore reversible error to refuse to give it.

Instructions numbered 5, 6 and 7, tendered by the appellant, each stated correct principles of law but the substance of each of them was given in instructions given by the court of its own motion, therefore, it was not error to refuse to give them. 4. Other questions discussed in appellant's brief need not be considered as they will not arise in a new trial of the cause.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

The clerk will issue the necessary warrant for the return of the prisoner to the sheriff of Clark county.