## PERFECT v. STATE OF INDIANA.

[No. 24,119. Filed October 9, 1923. Rehearing denied March 17, 1926.]

1. CRIMINAL LAW.—*Court may appoint special prosecutor for case when prosecuting attorney shows that he is disqualified by having been attorney for accused for many years and still representing him in pending cases.*—Where the prosecuting attorney has shown himself to be disqualified by reason of having for years been the attorney of an accused and still has matters pending in court in which the accused is interested, the court may properly remove him from the case and appoint a special prosecutor therein. p. 406.

2. WITNESSES.—*Extent of cross-examination of witness is within discretion of trial court.*—The extent of the cross-examination of a witness is within the sound discretion of the trial court. p. 407.

3. CRIMINAL LAW.—*Appellate tribunal will not presume error, but appellant must specifically point it out in his brief.*—Appellate tribunal will not presume error in the trial of a criminal case, but appellant must specifically point it out in his brief. p. 407.

4. CRIMINAL LAW.—*Appellant objecting to admission of evidence must show in his brief where evidence may be found in record, the objection made to its admission and whether exception was reserved.*—An appellant objecting on appeal to the admission of evidence should state in his brief where the alleged improper evidence can be found in the record, the objection made to its admission, and whether an exception was reserved to the ruling admitting it. p. 407.

5. CRIMINAL LAW.—*Defendant subject to cross-examination same as any other witness.*—A defendant who becomes a witness for himself is subject to cross-examination the same as any other witness. p. 407.

6. WITNESSES.—*Any fact tending to impair credibility of a witness may be shown on cross-examination; extent of examination being in court's discretion.*—Any fact tending to impair the credibility of a witness by showing his interest, motives, or that he is depraved in character, may be shown on cross-examination; the extent of such examination being in the court's sound discretion. p. 407.

7. CRIMINAL LAW.—*Cross-examination of defendant was harmless where all questions were answered favorable to himself.*— Where questions asked defendant on his cross-examination were

VOL. 197—26

all answered favorable to himself, any error in asking incompetent question was harmless. p. 408.

8. CRIMINAL LAW.—*No question is presented as to misconduct of prosecuting attorney where such misconduct is not shown by bill of exceptions, and no objection or exception is shown.*— No question is presented on appeal as to the misconduct of the prosecuting attorney where such misconduct is not shown by a bill of exceptions, and no objection or exception is shown. p. 409.

9. CRIMINAL LAW.——*Misconduct of audience in court-room which prevented defendant from having fair and impartial trial can only be shown by bill of exceptions.*—Misconduct of the audience in the court-room which prevented the defendant from having a fair and impartial trial can only be shown by a bill of exceptions. p. 409.

10. CRIMINAL LAW.—*Affidavit in support of motion for new trial can only be brought into the record by bill of exceptions.*—An affidavit in support of a motion for a new trial can only be brought into the record by a bill of exceptions. p. 409.

11. CRIMINAL LAW.—*In prosecution for rape, an instruction that state not required to prove commission of offense on exact date charged, but that proof of commission of offense within five years prior to return of indictment, was proper.*—In a prosecution for rape, an instruction that it is not necessary for the state to prove that the offense was committed on the exact date charged in the indictment, but that it would be sufficient to show that the offense was committed within five years prior to the return of the indictment, was not erroneous. p. 409.

12. CRIMINAL LAW.—*If evidence was of such nature that defendant thought more specific instruction should be given, it was his duty to prepare and tender such instruction.*—If the evidence was of such a nature that the defendant believed a more specific instruction should be given, it was his duty to prepare an instruction covering the point insisted upon and request that it be given. p. 409.

13. CRIMINAL LAW.—*Evidence of defendant's efforts to manufacture or suppress evidence is admissible against him.*—Evidence that the defendant had made efforts to manufacture or suppress evidence is admissible as a circumstance against him. p. 410.

14. CRIMINAL LAW.—*On prima facie showing that defendant was privy thereto, evidence that third persons procured or attempted to procure absence of witnesses is admissible.*—A proper foundation therefor having been first laid by proof sufficient, in the opinion of the judge, to establish a conspiracy between the defendant and others to procure the absence of

witnesses, evidence that such persons procured or attempted to procure the absence of witnesses is admissible against the defendant.   p. 410.

15.  CRIMINAL LAW.—*Instruction as to jury's consideration of evidence that defendant, or others at his instance, had attempted to suppress evidence or to intimidate or coerce witnesses, held not to invade province of jury.*—Instruction as to the jury's consideration of evidence that defendant, or others acting at his instance, had made efforts to suppress evidence or to intimidate or coerce witnesses, *held* proper and did not invade province of the jury.   p. 410.

16.  CRIMINAL LAW.—*Request for oral argument made after cause had been fully briefed and distributed was too late under Supreme Court Rule 26.*—A request for oral argument made after a cause had been fully briefed and distributed was too late under Supreme Court Rule 26.   p. 412.

From Huntington Circuit Court; *W. H. Eichhorn,* Special Judge.

T. Guy Perfect was convicted of rape on a girl under age of consent, and he appeals.   *Affirmed.*

*C. K. Lucas, H. B. Spencer* and *Ralston, Gates, Lairy, VanNuys & Barnard,* for appellant.

*U. S. Lesh,* Attorney-General and *Connor D. Ross,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was convicted in the Huntington Circuit Court of the crime of rape upon Bernice Allen, a female child under the age of sixteen years.   A motion for a new trial was filed and overruled.   Judgment was entered upon the verdict and from such judgment appellant appeals.   The errors assigned and not waived are:   The court erred in the removal of Charles R. Haller, as prosecuting attorney in the case, and the court erred in overruling appellant's motion for a new trial.

It appears from the record that on May 14, 1921, there was pending in the Huntington Circuit Court, a cause entitled:   State of Indiana vs. T. Guy Perfect, No. 2948.   That said cause was commenced by the filing

of an affidavit against the appellant, T. Guy Perfect, in which he was charged with the crime of rape upon one Bernice Allen, a female child under sixteen years of age. That the judge of the Huntington Circuit Court, filed a statement in writing stating reasons why Charles R. Haller, the prosecuting attorney of the Huntington Circuit Court was an improper person to conduct the proceedings in the trial of said cause on behalf of the State of Indiana. The said Charles R. Haller, then filed his own challenge, which reads as follows: "Charles R. Haller, prosecuting attorney of the 56th Judicial circuit of Indiana, shows to the court that for years past he has been the attorney of T. Guy Perfect, defendant in the above entitled cause and now has matters pending in this court and other courts wherein said T. Guy Perfect is interested. For the reasons above stated he feels he is disqualified and for those reasons only he feels he is disqualified to properly represent the State of Indiana in the prosecution of the said defendant; for that reason he challenges himself and asks the court to be relieved from any further duties in the case. The prosecutor further shows to the court that he also asks to be relieved from any connection whatever from any further duty appearing before the grand jury or investigation of any matters pertaining to Bernice Allen. However, should any investigation before the grand jury of Huntington county result in the indictment of any person or persons against whom this prosecuting attorney is not disqualified from acting and appearing, he does not refrain from or ask to be excused from any of his official duties in connection with such prosecution.

Charles R. Haller."

The court then appointed Otto H. Krieg and Knowlton H. Kelsey, as special prosecutors in said cause. The said Otto H. Krieg and Knowlton H. Kelsey were then

sworn and qualified as special prosecutors for such purpose. The said special prosecutors then requested the court to call a special grand jury to investigate the alleged facts and rumors concerning the relations of appellant with said Bernice Allen. The request was sustained by the court and a grand jury ordered. The grand jury was duly selected, impaneled, sworn and instructed and entered upon the investigation before indicated. The grand jury, on May 20, 1921, returned in open court an indictment against T. Guy Perfect for rape upon the said Bernice Allen, a female child under sixteen years of age. On May 20, 1921, a warrant was issued for the arrest of the appellant, T. Guy Perfect, on the indictment returned against him. The warrant was served and appellant brought into court where he gave a recognizance bond for his appearance at the first day of the next term of the court. Such bond requiring his appearance from day to day thereafter and at each succeeding term of such court, being a continuing bond. On May 24, 1921, Charles R. Haller, prosecuting attorney, filed his showing that he is disqualified as prosecutor in this cause which showing reads as follows: "Comes now Charles R. Haller, prosecuting attorney of the 56th Judicial circuit of Indiana and shows to the court that by reason of being the personal attorney of T. Guy Perfect, by reason of his business and professional relations with said T. Guy Perfect, he is disqualified from appearing as prosecuting attorney in the above entitled cause for the reason that Bernice Allen is the prosecuting witness in said cause, and he therefore challenges himself and asks to be relieved from service of prosecuting attorney in this cause.

Charles R. Haller."

The court then appointed attorneys Otto H. Krieg and Knowlton H. Kelsey as special prosecutors to have full charge of the prosecution of this cause and said

Krieg and Kelsey qualified as such special prosecuting attorneys.    One Milo Feightner was also designated as special counsel for the state.

On May 28, 1921, the appellant, T. Guy Perfect, filed his affidavit for change of judge, which affidavit was sustained and such proceedings were had that

1.    Hon. W. H. Eichhorn, was appointed as special judge to try the case and he accepted such appointment and qualified as special judge on June 16, 1921.    The appellant filed a plea in abatement to the indictment, to which plea the State of Indiana filed its answer in general denial.    The trial of the plea in abatement was held on June 21, 1921, and the court found that the plea in abatement should be overruled and judgment was rendered to that effect.    The appellant then entered his plea of "not guilty."    The cause was set for trial September 12, 1921.    A jury was impaneled and the trial begun and continued from day to day until completed, resulting in a verdict of guilty.    Under the facts shown by the record, there was no error in removing Charles R. Haller, prosecuting attorney, and appointing special prosecutors in the case.    See §11833 Burns 1926, §9407 Burns 1914; *Dukes* v. *State* (1858), 11 Ind. 557, 71 Am. Dec. 370; *State, ex rel.,* v. *Ellis* (1916), 184 Ind. 307, and cases there cited; *Choen* v. *State* (1882), 85 Ind. 209; *Tull, Treasurer,* v. *State, ex rel.* (1884), 99 Ind. 238; *State* v. *Bartlett* (1909), 105 Me. 212, 74 Atl. 18, 24 L. R. A. (N. S.) 564, 134 Am. St. 542.

The appellant says that the verdict of the jury is contrary to law and is not sustained by sufficient evidence. It is not necessary to set out the evidence, but an examination of the record shows that every material allegation of the indictment is supported by ample evidence.

In points four and five of appellant's brief, he claims that in the trial of the case he was not permitted to

cross-examine the prosecuting witness to the extent to which he was entitled under the law, but he does not point out any ruling of the court which shows that such right was denied. It does not appear what questions were asked and what objections were interposed to them and does not disclose what the ruling of the court was and there is no reference to the record where such questions may be found. However, it may be stated that the rule is that the limit of cross-examination of any witness is within the sound discretion of the trial court, and there being no specific showing of error or abuse of that discretion, this court will not presume error. See *Eacock* v. *State* (1907), 169 Ind. 488; *Wheeler* v. *State* (1919), 188 Ind. 228. Rule 22 Supreme Court.     In *Eacock* v. *State, supra,* this court said: "It is a settled rule in this state that it is not error for the trial court to limit questions on the cross-examination of a witness to the subject covered or entered upon in the examination in chief." The record discloses that the appellant was allowed great latitude in the examination of the prosecuting witness.

In point six of appellant's brief, he says that the testimony of Lillian Lucas, Bernice Allen, Philena Palmer, and Hattie Knight, in reference to a conversation held by such witnesses and a Mrs. Curry, at Clermont, were held in the absence of appellant and the same was hearsay, and harmful to the appellant and was wrongfully admitted by the court. The appellant fails to state where such improper evidence can be found in the record or what objection was made to the admission of the same and whether any exceptions were reserved to such admission.

In points seven and eight of appellants' brief, he complains of the conduct of the state's attorney in asking questions on cross-examination of appellant, while he was on the stand as a witness in

his own behalf. The appellant claims that the questions were incompetent and that the intention of the state's attorney in propounding the questions was to take an unfair advantage of appellant before the jury by insinuations of facts which he knew he could not legally bring to the attention of the jury, which he believed would prejudice the appellant on his trial, and which did prejudice appellant on the trial and prevent his having a fair trial. So far as the competency of the questions asked him on cross-examination is concerned, there is nothing in appellant's contention that they were incompetent. The defendant in becoming a witness subjected himself to the same treatment as any other witness and it has been held that any fact tending to impair the credibility of the witness by showing his interest, motives, or that he is depraved in character may be shown on cross-examination, but the extent to which such cross-examination may be carried is within the sound discretion of the court. In *Shears* v. *State* (1897), 147 Ind. 51, the court said: "It is proper, within the bounds of propriety, to be controlled by the trial court, that the antecedents of the witness may be subjected to a test on cross-examination, and that questions which go to exhibit his motives, as well as those tending to show his character and antecedents, should be allowed." *Bessette* v. *State* (1885), 101 Ind. 85, and *Pierson* v. *State* (1919), 188 Ind. 239, are to the same effect.

It appears from the record that the questions which appellant claims in point seven in his brief that he was erroneously required to answer were all answered
7. in the negative and favorable to the appellant, and it has been held in regard to such questions that if the answers of the defendant were all favorable to himself then he was unharmed by the questions asked, even if they were incompetent. *Shears* v. *State,*

*supra.* So far as his claim of misconduct of the state's attorney is concerned, an examination of the record shows that the bill of exceptions contains nothing to show that there was any misconduct of the state's attorney or that any objection or exception was made to his conduct at the time of cross-examination of such witness.

The appellant also complains of the conduct of the crowd composing the audience attending the trial of the cause, and says that, by applauding and clapping of hands, cheers and other demonstration 8-10. in the presence of the jury, they prevented the defendant from having a fair and impartial trial of this cause, as is guaranteed by the Constitution of the State of Indiana, and of the United States. The bill of exceptions does not show that any demonstration of this kind took place as alleged by appellant in his brief. In appellant's motion for a new trial and in support thereof, he files an affidavit alleging such demonstration, but it has been held by this court that an affidavit filed in support of a motion for a new trial can only be brought into the record by a bill of exceptions. See *Masterson* v. *State* (1896), 144 Ind. 240; *Robb* v. *State* (1896), 144 Ind. 569; *Reed* v. *State* (1897), 147 Ind. 41; *Siberry* v. *State* (1895), 149 Ind. 684; *Heath* v. *State* (1910), 173 Ind. 296, 21 Ann. Cas. 1056.

It is claimed by the appellant that instruction No. 4, given by the court, was erroneous. That instruction is as follows: "The court instructs you that 11, 12. while the indictment alleges that the offense was committed on June 29, 1920 nevertheless, since time is not of the essence of the offense, it is not necessary for the state to prove that exact date as the date on which the offense was committed. A conviction, however, can be had only for the specific offense charged and testified to by the prosecuting witness, but it is

sufficient to show that such offense, if any was committed, was committed at any time within five years prior to the filing of the indictment against the defendant in this action, in other words, the defendant cannot, on this trial be convicted of any offense except that specific offense charged in the indictment, but if it be shown beyond a reasonable doubt that the specific offense alleged was committed by him as alleged, it is not necessary that the time be proved as alleged, if it be shown to have occurred within the period of limitation."

There was no error in the giving of this instruction. If the evidence was of such nature that the appellant believed that a more specific instruction should have been given it was his duty to tender to the court an instruction covering the point insisted upon and request that it be given.

The appellant also complains of the twentieth instruction given by the court to the jury and says it is an erroneous statement of the law and that it invades the province of the jury and that, under the ruling of the law in Indiana, the court is not permitted to instruct the jury as to the facts or of the facts as they should be considered or how they should regard them. The twentieth instruction given by the court is as follows: "Some testimony has been admitted on the trial, as to a visit by Lillian Lucas and a Mrs. Curry to the Girls' School at Clermont, Indiana, and an interview claimed to have taken place there with Bernice Allen, the prosecuting witness. I instruct you that it was the right of the defendant or of any one for him to interview the prosecuting witness at Clermont, if she were willing to be interviewed, just as he or any one for him would have the right to interview any other witness in the case, if he were willing to be interviewed. The testimony of the witness Lillian Lucas, the witnesses Palmer and Knight, relating to such interview,

and of the prosecuting witness, in so far as it relates to said interview was admitted solely upon the theory that the state was entitled to prove any attempt on the part of the defendant, or of others acting at his instance to either suppress testimony, or to intimidate or coerce witnesses. This evidence should be considered only for the purpose stated, and unless it satisfied you that the defendant did attempt or did cause others in his behalf to attempt to suppress or to fabricate testimony or to coerce or to intimidate a witness, then you should disregard all such testimony."

The appellant claims that this instruction is erroneous because it invades the province of the jury in that it instructs the jury as to the facts to be considered and how they should regard them and is an invasion of the rights of the jury to determine the weight of the evidence. The evidence to which this instruction refers was admitted upon the theory that if the appellant had made any efforts to manufacture or suppress evidence, such conduct could be proven as a circumstance against him. Such evidence is competent. Underhill, Crim. Ev. §121; Wharton, Crim. Ev. (9th ed.) §749, p. 644; *Eacock* v. *State, supra.*

Evidence that third persons procured or attempted to procure the absence of witnesses is admissible against the accused if he was privy thereto. The rule applies as in conspiracy cases. A foundation must first be laid by proof sufficient in the opinion of the judge to establish *prima facie* the fact of conspiracy between the parties or proper to be laid before the jury as tending to establish that fact. Greenleaf, Evidence §111; *Card* v. *State* (1886), 109 Ind. 415; *Williams* v. *State* (1874), 47 Ind. 568; *Eacock* v. *State, supra.* The evidence given by the state shows *prima facie* that the appellant was privy to what was done by Mrs. Lucas, and the detective, Mrs. Curry, and the judge so held. The evidence

was therefore properly admitted and it became the duty of the judge to instruct the jury relative thereto. The court by admitting such evidence did not thereby conclude the jury from determining from the whole evidence whether appellant was privy to suppressing or attempting to suppress testimony or intimidating or attempting to intimidate the witness. See Wharton, Crim. Ev. (9th ed.) §698; *Eacock* v. *State, supra;* *Commonwealth* v. *Brown* (1860), 80 Mass. (14 Gray) 419. The instruction was proper under the evidence.

On January 31, 1923, after the time had expired for briefing said cause and after said cause had been fully briefed and distributed, a request for oral argument was filed. The request came too late. Supreme Court Rule 26.

No reversible error appearing in the record, the judgment is affirmed.

Townsend, J., absent.