## SCHAFFER *v.* STATE OF INDIANA.

[No. 25,738.   Filed October 29, 1930.   Rehearing denied December 30, 1930.]

*George Sands,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant and four others were jointly indicted for rape alleged to have been committed upon one Agnes Zangerle June 22, 1928. The appellant, on his motion, was accorded a separate trial. The indictment was based on §2429 Burns 1926. The defendant's plea was not guilty. The trial was by jury, and the jury returned the following verdict: "We, the jury, find the defendant. Leo Schaffer, guilty of assault

and battery with intent to commit rape, and further find that his age is 25 years."

The court rendered the following judgment: "It is therefore, considered and adjudged by the court that the defendant, Leo Schaffer, be, and he is hereby sentenced to imprisonment in the Indiana State Reformatory for a period not less than five years nor more than twenty-one years, and the sheriff of this county is charged with the execution of the within judgment." Appellant appeals from such judgment.

The only error relied on for reversal is that the court erred in overruling the motion for a new trial. Under this assignment of error, the appellant alleges that the court erred in permitting the witness, Mary Zangerle, mother of the prosecuting witness, upon direct examination by the State, to answer certain questions over the objection and exception of the defendant.

The appellant has not complied with the part of Rule 22 of the Supreme Court which requires a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. We have examined the transcript, however, and, from such transcript, it is apparent that the court excluded all the testimony given by said witness sought to be excluded by the defendant. No reversible error appears in the record in regard to the examination of said witness, Mary Zangerle.

Also the appellant alleges error in refusing to require a witness, Demas Murray, upon cross-examination, to answer certain questions. It is a settled rule in this state that it is not error for the trial court to limit questions on cross-examination of a witness to the subject covered or entered upon in the examination in chief, and it may be stated that the rule is that the limit of cross-examination of any witness is within the sound discretion of the trial court, and, there being

no specific showing of error or abuse of that discretion, this court will not presume error. *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Wheeler* v. *State* (1919), 188 Ind. 228, 122 N. E. 769; Rule 22 Supreme Court. In this case there is no specific showing of error or abuse of discretion by the trial court, and such court did not err in unduly restraining the cross-examination of said witness, Demas Murray. *Perfect* v. *State* (1923), 197 Ind. 401, 141 N. E. 52; *Robinson* v. *State* (1925), 197 Ind. 148, 149 N. E. 888.

The trial court did not err in giving court's instruction No. 1, which stated the issues in the case and recited the statute under which the indictment was found, and in refusing to give defendant's instruction No. 1. Appellant alleges that it was error to give the court's instruction, and to refuse to give defendant's instruction No. 1, because, at the time of this alleged offense, there was no statute making assault and battery with intent to commit rape a crime. He says the act of 1927 p. 576, repeals the act of 1921, defining the crime of assault and battery with intent to commit rape. Acts 1927 p. 576, §2, is as follows: "Whoever, unlawfully, has carnal knowledge of a woman forcibly against her will, or of a male or female child under sixteen years of age, or whoever, being over eighteen years of age, has carnal knowledge of a woman, other than his wife, which woman is insane, epileptic, idiotic, feeble-minded, or a pauper inmate of a poor asylum, he knowing of such condition of such woman; or whoever, being over eighteen years of age, has carnal knowledge of a woman who is an inmate of the Woman's Prison or the Indiana Girls' School, is guilty of rape in the first degree, and, on conviction, shall be imprisoned in the State Prison for not less than five nor more than twenty-one years: Provided, further, That in cases where the female upon whom the crime is com-

mitted, is a child under the age of twelve years, the punishment shall be imprisonment in the State Prison for life.

"A person who perpetrates an act of sexual intercourse with a female not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and, on conviction, shall be punished by imprisonment in the State Prison for not less than one nor more than ten years."

Section 7 of this act, which is denominated the repealing clause, is as follows: "That all laws within the purview of this act are hereby repealed; but this repeal shall not affect any prosecutions pending or offenses heretofore committed under existing laws, and such prosecutions and offenses shall be continued and prosecuted to a final determination as if this act had not been passed, nor shall this repeal affect the enforcement of any fine or penalty or other punishment provided as a punishment for a violation of any civil statute; nor shall this act be construed to repeal any act passed at this session of the general assembly."

It is clear that this repealing clause does not repeal the provision in the acts of 1921 defining the crime of assault and battery with intent to commit rape. The purview is the enacting part of a statute, in contradistinction to the preamble; and a repeal of all acts within the purview of the repealing statute should be understood as including all acts or parts of acts in relation to all cases which are provided for by the repealing act, and no more. But a statute may have the effect to repeal a former statute or some provision of it though it be silent on the subject of repeal. In such cases, repeal is inferred from necessity, if there be such conflict that the old and new statutes cannot stand together. Repugnancy in principle merely between two acts forms

no reason why both may not stand. Nor is one statute repealed by the repugnant spirit of another; nor for conflict with an unconstitutional provision. See 1 Lewis' Sutherland Statutory Construction (2nd ed.) p. 460, §246.

This clause upon which the indictment was founded is §361 of the Criminal Code as amended by Acts 1921 p. 373. The acts of 1927 p. 576, ch. 201, §2, describing rape in the first and second degrees, is entitled: "An act concerning public offenses, and repealing all laws and parts of laws in conflict with the provisions of this act." It does not purport to be an amendment of §361 of the Criminal Code as amended by the acts of 1921. It describes what shall constitute rape in the first degree and what shall constitute rape in the second degree, but it says nothing about the clause in the Criminal Code defining assault and battery with intent to commit the crime of rape. In discussing a similar repealing clause in another statute, in *State, ex rel.*, v. *Ives* (1906), 167 Ind. 13, 78 N. E. 225, it is said: "The language of the repealing clause of said last-mentioned act, so far as pertinent to this case, is as follows: 'all former laws within the purview of this act except laws not inconsistent herewith and enacted at the present session of the General Assembly are hereby repealed.' Dealing with said repealing clause, and not with the general doctrine of repeals by implication, we think it may be said that said act did not necessarily repeal all prior legislation that may have had some relation to cities and towns. In *State* v. *Reynolds* (1886), 108 Ind. 353, 358, 9 N.E.287, this court quoted with apparent approval the following language, found in *Payne* v. *Conner* (1813), 3 Bibb. (Ky.) 180; 'The meaning usually attached to this term (purview) by writers on law, seems to be the enacting part of a statute, in contradistinction to the preamble; and we think the provision of the act repealing all acts or parts of acts

coming within its purview, should be understood as re-
pealing all acts in relation to all cases which are provided
for by the repealing act; and that the provisions of no
act are thereby repealed in relation to cases not provided
for by it.' And see, also, 7 Words and Phrases, title
'Purview,' 1 Lewis's Sutherland, Stat. Constr. (2d ed.)
§246." See, also, §2429 Burns Supp. 1929, and note.

A statute is not to be deemed repealed merely by the
enactment of another statute on the same subject.
There must be a positive repugnancy between the pro-
visions of the new law and the old, to work a repeal by
implication; and even then the old law is repealed only
to the extent of such repugnancy. *Mersereau* v. *Merser-
eau Co.* (1893), 51 N. J. Eq. 382, 26 Atl. 682; *Cope* v.
*Cope* (1891), 137 U. S. 682, 11 Sup. Ct. 222, 34 L. Ed. 832.

A repeal by implication is not favored; the leaning of
the courts is against such repeal, if it be possible to recon-
cile the two acts. *County of Cook* v. *Gilbert*
(1893), 146 Ill. 268, 33 N. E. 761; *People* v.
*Gustin* (1885), 57 Mich. 407, 24 N. W. 156.

The appellant says the court erred in giving court's
instruction No. 6, which, he says, alleges that the mere
presence of a person at the time of the commission
of a crime, without any intent on his part to par-
ticipate in its commission, even though his com-
panions may be encouraged to commit the crime by his
presence, cannot make such person guilty of such crime
as a principal because his mere presence operated to
encourage his companions, and consequently, it was
error for the court to charge the jury by said instruction
that such mere presence and resulting encouragement of
others by such presence would make the appellant guilty;
and it was equally erroneous to refuse to give defendant's
requested instruction No. 11, correctly stating the law
on the subject. The court's instruction No. 6 is not in
the language claimed by the appellant. Said instruc-

tion, after stating the substance of the statute, being §2028 Burns 1926, said: "However, I instruct you that the mere presence of the defendant at the time and place of the crime alleged to have been committed by the defendant's companions would not of itself render the defendant guilty under this principle of law. But if from the facts and circumstances surrounding defendant's presence there at that time, and from his demeanor and conduct you are convinced beyond a reasonable doubt that his presence did encourage either or any one of his companions to commit either or any one of the felonies alleged to have been committed by either or any of them, then, in that event, the defendant would be guilty, and may be punished as the principal." Said instruction No. 6, given by the court of its own motion, correctly states the law, and it was not error to give it and refuse to give defendant's tendered instruction No. 11.

Defendant's instruction No. 12 was correctly refused. Every legal proposition advanced in that instruction was stated correctly in court's instructions Nos. 3, 4 and 5. It is not error to refuse to give an instruction upon an issue upon which the jury has already been fully instructed. *Ruse* v. *State* (1917), 186 Ind. 237, 115 N. E. 778, L. R. A. 1917E 726; *Kellar* v. *State* (1922), 192 Ind. 38, 134 N. E. 881; *Knapp* v. *State* (1907), 168 Ind. 153, 79 N. E. 1076, 11 Ann. Cas. 604.

The first part of defendant's requested instruction No. 12, is as follows: "The defendant in this case has entered the plea of not guilty to the indictment. This plea casts upon the state the burden of proving every material allegation in the indictment beyond a reasonable doubt and the failure of the state to so prove any one of the material facts averred in the indictment entitles the defendant to an acquittal." This part of the instruction does not state the law. The indictment in this case charges the appellant with assault

and battery with intent to commit rape, and also it charges the offense of rape. Under an indictment of this kind, if the proof shows an assault and battery with the intent to commit rape, the verdict may so find, although the charge in the indictment is that the rape was committed. The court did not err in refusing to give appellant's tendered instruction No. 12.

It is not error to refuse an instruction unless it ought to be given precisely in the terms prayed. *Roots* v. *Tyner* (1857), 10 Ind. 87; *Kellar* v. *State*, *supra*.

Appellant claims that the verdict of the jury is not sustained by sufficient evidence. It is not necessary to set out the evidence. The indictment defines the crime of assault and battery and also the crime of rape, and the evidence shows the commission of the crime of assault and battery upon the prosecutrix. It also shows that such assault and battery was committed with the intent to perpetrate the crime of rape upon said prosecutrix. The State is not required to sustain a charge of felonious intent by direct evidence. It is sufficient if the evidence is such as will satisfy the triers beyond a reasonable doubt of such intent. The State is not expected and cannot be required to make proof of felonious intent as a fact by direct and positive evidence, for, as a rule, men who do or commit acts which the law declares are public offenses do not proclaim in public places the intent with which such acts are done. Therefore, all the State is required to do in such cases is to introduce such evidence on the trial of the case as will satisfy the triers, be it a court or a jury, beyond a reasonable doubt, not only that the act was done by the defendant, but that it was done with the felonious intent charged in the indictment. *Padgett* v. *State* (1885), 103 Ind. 550, 3 N. E. 377.

Section 19 of the Bill of Rights, Art. 1, §19, of the

Constitution, being §71 Burns 1926, provides that, in all criminal cases whatever, the jury shall have the right to determine the law and the facts. The court instructed the jury fully upon this provision of the Constitution and the appellant does not contend otherwise. The instruction of the court on this provision is in the same language, in fact, an exact copy of the instruction tendered by appellant upon the same provision.

The testimony of the prosecuting witness sustains every material fact alleged in the indictment necessary to constitute the crime of assault and battery. It also states circumstances from which the jury could infer the purpose of the commission of such assault and battery. It is true that the defendant denies the testimony of the prosecuting witness, but, in considering whether the verdict is sustained by sufficient evidence, we consider only the evidence tending to support the verdict, with the inferences which may be drawn therefrom, and cannot give credence to any evidence contradicting this evidence.

The appellant also claims that the verdict of the jury is contrary to law because the indictment alleges that the offense of rape was committed. This contention is without merit. If the indictment charges that a rape was committed and the verdict is that the appellant was guilty of assault and battery with intent to commit rape, such verdict is not contrary to law. *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632; *Polson* v. *State* (1893), 137 Ind. 519, 35 N. E. 907; *Acton* v. *State* (1930), 201 Ind. 686, 171 N. E. 197; *Kuslulis* v. *State* (1930), 201 Ind. 660, 171 N. E. 5.

The judgment is affirmed.