FELIX *v.* STATE OF INDIANA

[No. 28,172.  Filed June 5, 1946.]

*Harold E. Korn* and *James P. Murphy,* both of Fort Wayne, for appellant.

*James A. Emmert,* Attorney General, *Frank E Coughlin,* First Assistant Attorney General, and *Forrest W. Lacey, Jr.,* Deputy Attorney General, for the state.

RICHMAN, J.—A jury found appellant guilty of assault and battery. He complains that the evidence is insufficient to sustain the verdict. At the time of the trial appellant was 35 years old. In a motion picture theater he seated himself next to the prosecuting witness, a 16-year-old boy, who testified that his person was handled by appellant, who at the time was making indecent suggestions. Without detailing the evidence it is sufficient to say that it shows an unlawful touching in a rude and insolent manner. Appellant testified that the boy was the aggressor. The jury evidently believed the boy. It may have been influenced by the fact that appellant, on cross-examination, admitted that he had been convicted in the same court within two years for contributing to the delinquency of a minor. To sustain his position appellant relies upon *Hamilton* v. *State* (1895), 142 Ind. 276, 41 N. E. 588, which was overruled in *Lee* v. *State* (1901), 156 Ind. 541, 549, 60 N. E. 299, 302. There was no

lack of substantial evidence on every material averment in the affidavit.

Appellant complains of refusal to give his tendered instructions numbered 5, 8, 10 and 12.

No. 5 was fully covered by a more comprehensive instruction, No. 3, given at appellant's request.

No. 8 was in two sentences. The second seems to have been intended by its author to summarize the first, for he says:

"*In other words,* the mere fact that a person has been charged with a crime is no indication that he is guilty." (Our emphasis.)

No. 2, given at appellant's request, concludes with this sentence:

"The fact that an affidavit has been filed against the defendant is not to be considered by you in determining the guilt or innocence of the defendant."

We think this is a better statement than the one that was refused. But appellant says that it does not cover the proposition ". . . that no inference as to the guilt of a defendant may be made from the fact that he has been arrested . . .," which is contained in the first sentence of No 8. There was nothing in any of the instructions that would suggest that the fact of arrest is evidence of guilt. In this respect this case differs from *Kellar* v. *State* (1922), 192 Ind. 38, 134 N. E. 881, where the trial court on its own motion had given an instruction which this court thought authorized an inference that the filing of an affidavit was evidence of guilt. Accordingly, the court reversed the judgment for error in refusing to give an instruction that would have made clear the fact that guilt may not be inferred

from the filing of an affidavit. It seems unlikely that any intelligent jury would consider a person's arrest evidence of guilt. So we see no reason for cautioning against such an assumption.

Instruction No. 10 was as follows:

> "The Court instructs you that as this is a criminal case, the entire burden is upon the State from the beginning. Every presumption is in favor of the innocence of the defendant, and he is not bound to explain anything, and his failure to do so can not be considered by the jury as a circumstance tending to show his guilt."

We think it was erroneous and properly refused. Appellant's conduct as a witness must be measured by the same standards as apply to the conduct of other witnesses. *Swanson* v. *State* (1944), 222 Ind. 217, 52 N. E. (2d) 616; *Metzger* v. *State* (1938), 214 Ind. 113, 13 N. E (2d) 519; *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892; *Kell* v. *State* (1924), 194 Ind. 374, 142 N. E. 865; *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277; *People* v. *Connolly* (1930), 253 N. Y. 330, 171 N. E. 393. Reading the evidence we are unable to guess, and appellant's brief does not designate, what counsel had in mind as requiring explanation when they wrote this instruction. There seems to be no particular evidence to which it is applicable, and therefore, no occasion for its being given. But if there had been something to explain, when he volunteered to testify the jury was entitled to draw inferences not only from what he said, but what he failed to say. We quote from *People* v. *Connolly, supra:*

> "Connolly testified in his own behalf, but failed to offer any explanation of his possession of such a large amount of currency or of his unusual manner of handling it. That was a circumstance which

the jury was entitled to consider in determining his guilt or innocence of the crime charged. He was not obliged to become a witness, but, having done so, his conduct as a witness must be measured by the same standards as apply to the conduct of other witnesses."

No. 12 singled out the testimony of appellant, stating that it should be considered " . . . as you would consider the testimony of any other witnesses in this case . . . ." Other instructions fully covered the subject of credibility of witnesses. This instruction was therefore properly refused. *Swanson* v. *State, supra.* Appellant relies upon *Newport* v. *State* (1895), 140 Ind. 299, 39 N. E. 926, and *McIntosh* v. *State* (1898), 151 Ind. 251, 51 N. E. 354. Both held that it was not reversible error to give such an instruction, which is quite different from holding that it is error to refuse it. In the McIntosh case the court recognized that it was " . . . open to criticism that it singles out the defendant . . .," but the court said that " . . . in the absence of the evidence, we would not be in a position to adjudge that appellant was prejudiced in any of his substantial rights thereby."

In this case the court prepared no instructions. Eighteen were tendered by appellant, of which 10 were given. Appellee tendered seven, all of which were given. We think the jury was fairly and adequately instructed.

Judgment affirmed.

NOTE.—Reported in 66 N. E. (2d) 894.