THE STATE OF KANSAS, *Appellee,* v. JOSEPH M. GENTRY, *Appellant.*

No. 17,559.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Evidence—Stenographer's Notes — Competent.* On a trial for felony, a stenographer who testifies to having correctly made and transcribed shorthand notes of the evidence given at the preliminary examination, in the presence of the defendant, by a witness whose attendance can not be procured, may read such transcript to the jury as a witness for the state, so far as the subject matter is competent.

2. ——— *Manslaughter—Unnecessary Proof.* In order to justify a conviction under the statute providing that "if any person shall be . . . wounded . . . in cases and under circumstances which would constitute . . . manslaughter if death had ensued, the person by whose act . . . such injury . . . shall be occasioned shall . . . be punished by confinement and hard labor" (Gen. Stat. 1909, § 2530), the state need not prove that death would have been a natural and probable consequence of the injury inflicted.

Appeal from Jackson district court. Opinion filed February 10, 1912. Affirmed.

*J. M. Nation, A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* for the appellant.

*John S. Dawson,* attorney-general, and *Ernest R. Simon,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.:  Joseph M. Gentry was convicted of as-
saulting and wounding C. H. Belknap under circum-
stances that would have constituted manslaughter if
death had ensued.    (Gen. Stat. 1909, § 2530.)    He
appeals.

The defendant, according to the evidence, was en-
gaged in an attempt to take a five-year-old child by
force from the possession of one who claimed to be her
mother.   He struck Belknap, who tried to prevent this,
upon the head with a revolver, breaking the skin, and
inflicting a wound about four inches long.    The cir-
cumstances of the assault are stated in greater detail
in *The State v. Tillotson,* 85 Kan. 577, 117 Pac. 1030.

Belknap was out of the state at the time of the trial.
The state produced a witness who testified that she was
a stenographer; that she had correctly taken down in
shorthand and afterwards transcribed the testimony
that Belknap had given at the preliminary examination
in the presence of the defendant.   She was permitted
to read from the transcript, over the objection of the
defendant, and of this he now complains.   This pro-
cedure did not violate the constitutional right of the
defendant to meet the witnesses against him face to
face.   (*The State v. Nelson,* 68 Kan. 566, 75 Pac. 505,
1 A. & E. Ann. Cas. 468; *The State v. Harmon,* 70 Kan.
476, 78 Pac. 805; *The State v. Simmons,* 78 Kan. 852,
98 Pac. 277; Note, 25 L. R. A., n. s., 868; Note, 13 A. &
E. Ann. Cas. 973.)   And it was competent for the sten-
ographer, having declared under oath that the notes
and transcript were correct, to read the transcript.
This was in effect testifying that she had made a memo-
randum of Belknap's testimony as he gave it and from
the memorandum was able to swear to what he had
said.   (*Wright v. Wright,* 58 Kan. 525, 50 Pac. 444;
Note, 81 Am. St. Rep. 364; 3 Wig. Ev. § 1669.)   The
point is made that the witness was not the *court* sten-

ographer. She was the county attorney's stenographer, appointed under the statute (Gen. Stat. 1909, §§ 2242, 2244), and it was a part of her duty to report and transcribe the evidence at the preliminary examination. But since she testified that her notes and transcript were correct, the admissibility of her testimony did not depend upon her official character. A transcript made by an officer in the course of duty might be presumed to be correct, but no such presumption was necessary here, since there was affirmative testimony to its correctness. The statute authorizing a transcript of testimony made and verified by the court stenographer, to be used as a deposition (Gen. Stat. 1909, § 2407), does not exclude other methods of using a transcript to show to what a witness has testified. (*Wilmoth v. Wheaton,* 81 Kan. 29, 105 Pac. 39.)

Complaint is made of the refusal of the trial court to allow the defendant to introduce evidence for the purpose of showing that the person having charge of the child was not its mother and was not entitled to its legal custody. We think the ruling was correct. The matters offered to be shown had no tendency to justify the defendant in striking Belknap with his revolver, or to palliate the offense of which he was convicted.

The defendant requested an instruction that no conviction could be had under section 42 of the crimes act (Gen. Stat. 1909, § 2530) unless the jury found that the natural and probable consequences of the assaulting and wounding would have been the death of Belknap. This was rightly refused. Under the statute the offense is complete "if any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued." The test is whether, if Belknap had died from the wound, the offense would have been manslaughter. In order for it to have been

manslaughter it would not have been necessary for death to have been the natural and probable consequence of the wound.

"It is manslaughter at common law . . . if one unintentionally kills another in doing an unlawful act, not amounting to a felony nor naturally dangerous to life, at least if the unlawful act is a misdemeanor and not a mere civil wrong and is *malum in se* and not merely *malum prohibitum*. . . . It is well settled that if one commits an assault and battery upon another not likely to cause death, and death unintentionally results . . . it is manslaughter." (21 Cyc. 761, 762.)

The court also refused to instruct that the jury should presume, there being no evidence to the contrary, that the defendant had a lawful right to go to the house where the assault was committed. The refusal can not have been prejudicial. In view of the offense of which he was convicted, the lawfulness of his errand at the house was not in issue.

The judgment is affirmed.