SEKULARAC *v.* STATE OF INDIANA.

[No. 25,798. Filed June 7, 1933.]

*Hyman M. Cohen, William J. McAleer* and *W. O. Thomas,* for appellant.

*James M. Ogden,* Attorney General, and *E. Burke Walker,* Deputy Attorney General, for the State.

HUGHES, J.—This is an appeal from a judgment of the Criminal Court of Lake County, entered on the 17th day of May, 1929, on a verdict of the jury that appellant was guilty of assault and battery with intent to kill, as charged, and was sentenced to the Indiana State Prison for a period of not less than one nor more than ten years.

The assignment of error is that the court erred in overruling appellant's motion for a new trial. There were three reasons assigned for a new trial, but the appellant has waived the first and second specifications, and relies upon the third, which is as follows: "Error of law occurred at the trial in this, to wit: That the court permitted, over the objection of the defendant, the typewritten copy of the evidence of one Anna Jenkins to be read in evidence to the jury. This was purported to be a copy of the evidence of the said Anna Jenkins at the preliminary hearing of this cause in the City Court of East Chicago, Lake County, Indiana. This evidence was introduced in the trial of this cause at the time that Jennie Wiley was a witness in said cause. It was shown in the trial of this cause that the said Jennie Wiley was not a regular court reporter, and had not been sworn to take down the evidence in the former hearing, but that she, the said Jennie Wiley, had merely taken down the evidence at the solicitation of one of the attorneys in the cause."

Jennie Wiley was called as a witness, and examined. She testified that she was a stenographer, and was able to take dictation and read shorthand; that she was present at the preliminary hearing in East Chicago City Court on October 23, 1928, of the *State of Indiana* v. *Mike Sekularac;* that she took down the evidence in shorthand offered by both the State and defendant; that

the defendant was present and represented by counsel; that since the taking of the evidence she had transcribed the notes, and particularly the testimony of Anna Jenkins.

State's exhibit 2 consisted of the evidence of Anna Jenkins, transcribed by the witness, Jennie Wiley. The state offered exhibit 2, in evidence and appellant, by his attorney, objected to its admission as follows: "I am objecting to the introduction of this evidence for the reason that the witness testifying, and the person that took down this evidence was not sworn to take down the evidence, and was not an official court reporter, and that she was not qualified to report the evidence in this case at the time she took down the evidence." The objection was overruled and exhibit 2 was admitted in evidence.

The sole question presented in this case is based upon the foregoing objection. It is seen from the objection that no objection was made on the ground that there was not a sufficient effort shown to secure the attendance of Anna Jenkins at the trial, and that her testimony could not be procured. This was the question presented in the case of *Levi* v. *State* (1914), 182 Ind. 188, 104 N. E. 765, 105 N. E. 898, Ann. Cas. 1917A, 654, and relied upon by the appellant. In the instant case, the objection presented was that the person who took down the evidence was not sworn, and was not an official court reporter, and was not qualified to report the evidence at the time she took it down.

Where specific objections are stated to the admission of evidence, the implication is there is no other, or, if others, that they are waived. The rule is that the particular ground of objection must be stated to the trial court, and the same ground of objection brought before the appellate court, otherwise there is no objection presented for consideration on appeal.

*Bass* v. *State* (1894), 136 Ind. 165, 171, 36 N. E. 124.

The witness, Jennie Wiley, when called as a witness, was duly sworn and testified that she took down the evidence of the witness, Anna Jenkins, and that she transcribed her notes, and that they were true. It is true, as the record shows, she was not the official court reporter, but this makes no difference.

Mr. Wharton, in his work on Criminal Evidence (9th Ed. 227), says: "What a witness, since dead, has sworn upon a trial between the same parties may be given in evidence, either from the judge's notes, or from notes that have been taken by any other person who will swear to their accuracy; or the former evidence may be proved by any person who will swear from his memory to its having been given." *Bass* v. *State, supra.*

And the same rule is true where the witness is beyond the jurisdiction of the court. And if such evidence may be proven by any person who heard the evidence and from his memory will swear to its truthfulness, there certainly can be no objection to the admission of the evidence of a shorthand reporter who faithfully took down the evidence, and swears to its truthfulness, when on the witness stand as a witness. *Studebaker* v. *Taylor* (1908), 170 Ind. 498, 83 N. E. 747, 127 Am. St. Rep. 397; *Jones* v. *State* (1911), 174 Ala. 85, 90, 57 So. 36; *State* v. *Gentry* (1912), 86 Kan. 534, 121 Pac. 352.

The cases of *Jones* v. *State* and *State* v. *Gentry, supra,* present the identical question involved in the instant case, and many cases are cited in these cases on the proposition involved.

The court did not commit error in permitting the evidence of Anna Jenkins to be read to the jury.

Motion for a new trial was properly overruled.

Judgment affrmed.