RICHESON ALIAS WILLIAMS *v*. STATE OF INDIANA.

[No. 29,093.    Filed December 17, 1953.]

*Mark P. Lockwood* and *Warren W. Barnett,* both of Princeton, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellant was prosecuted in the trial court by affidavit, which omitting caption, signature, verification, filing, approval and endorsements on the back thereof, is as follows:

> "DALTON D. CURTIS, being first duly sworn upon his oath, says: that Clarence Eulan Richeson alias Bird Williams at said County of Posey, State of Indiana, on or about the 16th day of December, 1952, did then and there unlawfully, feloniously, fraudulently and knowingly utter, publish and pass, indorse and deliver to one Uel T. Fox as true and genuine a certain false, forged and counterfeit check for the payment of money, to-wit, twelve dollars and sixty cents, said pretended check purporting to have been made and executed by one C. L. Blackard in favor of him, the said Clarence Eulan Richeson, alias Bird Williams, which said false, forged and counterfeit check is of the following tenor viz.,

> PEOPLES BANK AND TRUST COMPANY
> MT. VERNON, INDIANA  Dec. 15, 1952, NO.——

> PAY
> TO THE
> ORDER OF      Bird Williams                $12.60
>     Twelve and 60/100                DOLLARS
>                         C. L. Blackard
> (Endorsed on back—"Bird Williams")

with intent then and there and thereby feloniously, falsely and fraudulently to defraud the said Uel T. Fox, he, the said Carence Eulan Richeson, alias Bird Williams, then and there well knowing the said check to be false, forged and counterfeit, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

Upon his plea of not guilty, appellant was tried by jury, which returned its verdict finding "the defendant guilty as charged in the affidavit, and that he is 38 years of age."

Appellant's motion for new trial is for the following causes: (1) In admitting in evidence state's Exhibit 4—the alleged forged check. (2) In refusing to direct a verdict for defendant at the close of the state's evidence. (3) That the verdict is contrary to law, and (4) is not sustained by sufficient evidence. The motion for new trial was overruled. The court then rendered judgment as follows:

"And now the court renders judgment on the verdict of the jury heretofore returned in this cause and finds the defendant to be guilty of Forgery as charged in the affidavit, and finds that he is 38 years of age, and that he should be imprisoned in the Indiana State Prison for not less than 2 years nor more than 14 years and that he be fined in the sum of $10.00 and that he pay the costs and charges herein or stand committed until said costs and charges are paid or stayed.

IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT that the defendant, Clarence Richeson is guilty of Forgery; that he be imprisoned in the Indiana State Prison for not less than 2 nor more than 14 years; that he is 38 years of age; that he be fined in the sum of $10.00; that he pay and satisfy the costs and charges herein or stand committed until said costs and charges are paid or stayed."

Causes one and two of the motion for new trial are based upon the fact that state's exhibit 4, which was admitted in evidence, in addition to the names noted on the forged check copied in the affidavit, contained the name of U. T. Fox, and also that of Wilbur Ashworth, on the back of the check, "written sideways."

The presence of the name of U. T. Fox upon the check is fully explained by the affidavit, and the evidence of U. T. Fox, contained in the record. This name was endorsed on the check by Mr. Fox at the time he cashed the check for the appellant, so that it might be presented to the bank. There is nothing in the evidence showing how Mr. Ashworth's name came upon the back of the check, except that when appellant tried to cash the check to Robert L. Stinson a short time before he cashed it to Mr. Fox, Mr. Stinson asked him if he knew onyone who would vouch for him, he said he knew Webb Ashworth. There is nothing in the record showing whether or not Ashworth's name was written on the check at that time or whether it was placed on the check after it had been endorsed to Mr. Fox.

The evidence conclusively indicates that appellant received from Mr. Fox $12.60 in goods and change for the forged check. We are unable to see how the presence of Ashworth's name on the forged check could prejudice appellant in any way. It was not error to overrule the objections to admitting state's Exhibit 4 in evidence. Nor was it error to overrule the motion for a peremptory instruction for a verdict for the defendant.

Of course appellant on appeal is held to the same objections he made to the trial judge. He may not enlarge these objections on appeal. *The Indiana Improvement Co.* v. *Wagner et al.* (1894), 138 Ind. 658, 663, 38 N. E. 49; *Reddick* v. *Young* (1912), 177 Ind.

632, 640, 98 N. E. 813; *Central Ind. Ry. Co.* v. *Mitchell* (1935), 102 Ind. App. 121, 136, 199 N. E. 439; *Walter* v. *Pence* (1938), 104 Ind. App. 532, 534, 12 N. E. 2d 367; *Beeler* v. *State* (1952), 230 Ind. 444, 447, 104 N. E. 2d 744.

By his assignment of error No. 2 appellant says: "The court erred in rendering judgment that the defendant was guilty of forgery and in sentencing him for said offense, upon a verdict of guilty to a charge of uttering a forged instrument, and said judgment is void."

It has been the statute in Indiana, since 1905, that "After a finding or verdict of guilty against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment." Sec. 9-2201, Burns' 1942 Repl. In pronouncing judgment we think the court must follow the statute providing the general rules as follows: "When a trial by jury has been had and a general verdict rendered, the judgment must be in conformity to the verdict." Sec. 2-2501, Burns' 1946 Repl. It has been held by this court that when a defendant is charged with petit larceny and it is further charged and proved that he had been previously convicted of a like offense which under the law at that time required that he be given the penalty prescribed for grand larceny, a verdict of guilty of grand larceny as charged in the information, while irregular was not void. It was further held that the verdict must be construed in connection with the information and that the defendant was in fact found guilty of petit larceny only as charged in the information. *Evans* v. *The State* (1898), 150 Ind. 651, 654. 50 N. E. 820.

In the instant case, there is but one judgment the trial court could render and that is a judgment on the

verdict of the jury rendered on the affidavit upon which appellant was being tried. In other words the judgment rendered is construed to be a judgment inflicting the statutory penalty for uttering a forged instrument. *Leinberger* v. *State* (1933), 204 Ind. 311, 314, 315, 183 N. E. 798. The offenses of forgery and uttering a forged instrument are each defined in the same section of the statute and the same penalty is provided for each. Sec. 10-2102, Burns' 1942 Repl.

Finding no reversible error in the record the judgment is affirmed.

NOTE.—Reported in 116 N. E. 2d 101.