# PATTON ET AL. *v.* STATE OF INDIANA.

[No. 29,785.  Filed March 21, 1960.]

*Willis C. Mead,* of Salem, for appellants.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, and *John A. Pushor,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellants were charged by indictment in two counts, the first charging them jointly with the crime of murder in the second degree under Acts 1905, ch. 169, §350, p. 584, being §10-3404, Burns' 1956 Replacement; and the second charging them jointly with the crime of involuntary manslaughter under Acts 1941,

ch. 148, §2, p. 447, being §10-3405, Burns' 1956 Replacement. Appellants were tried by jury, found guilty as charged in Count One and sentenced accordingly.

The overruling of appellants' motion for a new trial is the sole error assigned. Such motion contains nine specifications of error, numbers 8 and 9 of which are not discussed in the argument section of appellants' brief as required by Rule 2-17 (e) of this court, 1958 edition, and they are, therefore, waived. *Bange* v. *State* (1958), 237 Ind. 422, 435, 146 N. E. 2d 811.

We shall consider the other specifications in the order in which they are discussed in appellants' brief.

It is alleged in Specification 1 that the trial court erred in permitting the introduction into evidence, over the objections of defendants-appellants, of certain colored photographs (State's Exhibits Nos. 1 and 2) showing the body of the defendants-appellants' deceased child, because "the introdictuion [introduction] of such evidence was improper and would only tend to prejudice and incite the minds of the Jorors [jurors] against the defendants." Page 117 of the transcript shows that Exhibit No. 1 was introduced without objection; and page 119 of the transcript shows that the objection to the introduction of Exhibit No. 2 was "for the reason that the same is not an accurate portrayal of that which they seek to portray."

The record here shows that appellants made no objection in the trial court on the ground which they here assert as error. The evidence to which objection was made was admitted by the trial court and appellants cannot here, for the first time, advance other or different reasons for their objections.

". . . the only objections to evidence available on appeal as causes for reversal are those which were

presented to and passed upon by the trial court." *Heyverests* v. *State* (1931), 202 Ind. 359, 363, 174 N. E. 710. See also: *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265.

Specifications 2, 3, and 4 assign as error the admission, over objections of appellants, of certain colored slides representing pictures taken during an autopsy of the deceased child, and being State's Exhibits Nos. 5, 6, 7, 8, 9, 10, 11 and 12, "on the ground that the introduction of such evidence was improper and would only tend to prejudice and incite the minds of the Jurors against the Defendants." However, at page 140 of the transcript it appears that appellants' objection to the introduction of these exhibits was, "Defendants object to the introduction for the purpose of the record." This objection presents no question on appeal, and no reversible error is presented by Specifications 2, 3, and 4 for the further reason that objections to the introduction of such exhibits presented to and ruled on by the trial court, differ from those presented here.

Appellants assert that none of the above-mentioned State's exhibits were admissible under *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N. E. 2d 899. However, in that case proper objections were made in the trial court at the time the photographs there in question were presented for introduction into evidence, and these same objections were urged on appeal. Objections made by appellants in the trial court to the introduction of the exhibits in the present case are not sufficient even if they were properly presented here on appeal, to bring them within the rule in the Kiefer Case. Hence, under the record before us this case can lend no support to appellants' contention here.

Specification 5 of the motion for a new trial alleges error in permitting, over the objections of defendants-appellants, State's Exhibits Nos. 16, 17 and 18, being certified copies of records of Bartholomew County, Indiana, pertaining to the death of the infant child of the defendants-appellants, and copies of the complaint and the court's order whereby three older children of defendants-appellants were made wards of the Bartholomew County Welfare Department.

Appellants' reason for objecting to Exhibit No. 16, as stated in Specification 5, was that "the time was too remote to be material to the case at bar, and that ■ any evidence concerning the care of any other children of the Defendants [appellants] had no bearing on the guilt or innocence of the Defendants in connection with the death of the child in question, . . ." At page 206 of the transcript it appears that defendants-appellants' objection in the trial court was "for the reason that it [Exhibit No. 16] is not properly certified." Under this state of the record no question is presented for our consideration. The same situation exists as to the objections to the introduction of Exhibits Nos. 17 and 18, and for the same reason no question is here presented.

Specification 6 alleges error in permitting State's witnesses, Dr. Roy Lee Fultz, Dorothy Marie Hardin, and Chester Hardin to testify on rebuttal concerning the physical condition of defendants-appellants' three-year-old child, Ronnie Arvin Patton, a brother of the victim of the alleged murder herein. The grounds of objection stated in the motion for a new trial are that such "testimony was introduced in an effort to show that the Defendants preferred male children over female children, and the introduction of such evidence was intended only to prejudice and incite the minds of the

Jurors against the Defendants." The record shows that the testimony of Dr. Fultz was objected to in the trial court on the ground that "there was nothing brought out concerning Ronne [Ronnie] Patton, and is not proper evidence at this point" and, further, "that it is not proper examination in rebuttal."

The transcript, at page 393, shows that the objections to the testimony of Dorothy Marie Hardin in the trial court were "for the reason that it is not a proper question in rebuttal." The record shows no objection to the testimony of Chester Hardin.

Here, again, the reason for the objection given in the trial court differs from that urged here on appeal, and no question is presented relative to the testimony of Dr. Fultz and Dorothy Marie Hardin. If defendants-appellants did not object to the testimony of Chester Hardin in the trial court at the time it was offered they cannot do so on appeal in this court. *Sievers* v. *The Peters Box and Lumber Company* (1898), 151 Ind. 642, 657, 50 N. E. 877; *Lankford* v. *The State* (1896), 144 Ind. 428, 433, 43 N. E. 444; *Fowler* v. *Wallace* (1892), 131 Ind. 347, 348, 31 N. E. 53.

Specification 7 alleges error in permitting the court-appointed physician, Dr. Eddie R. Apple, on cross-examination by the State, to testify concerning the physical condition of the appellants' three-year-old boy, for the reason that no testimony to that effect was elicited on direct examination by the defendants-appellants.

The transcript, at page 409, shows that the appellants objected to such testimony by Dr. Apple and moved to strike it out, but failed to give any reason or reasons therefor. In order to preserve a question for consideration on appeal, when a trial court refuses to strike out testimony improperly adduced,

the reason for objecting to such testimony must be stated when the motion to strike is made. *Bernhamer* v. *Dawson, Administrator* (1890), 124 Ind. 126, 128, 24 N. E. 743. See also: 8 Ind. Law Encyc., Criminal Law, §375, p. 428.

Appellants state in their reply brief that as pauper defendants-appellants they are entitled to a "review of all the proceedings in the Trial Court," regardless of "discrepancies in the record or in the proceedings."

Our Constitution guarantees a fair trial to all persons, but it does not waive all the rules of practice and procedure which have been a vital part of the law of this State since its inception, simply because the taxpayers of the county in which the crime was committed are required to furnish counsel for a defendant and pay the cost of his appeal. A pauper defendant is entitled to no more and no less consideration in this court than one who has paid the cost of his own appeal.

The sufficiency of the evidence is not questioned in this case. It appears to us from the record here that appellants have had a fair and impartial trial and a just result has been reached.

Appellants have failed to sustain their burden of showing reversible error, and the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., Jackson and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 165 N. E. 2d 377.