## LIFORD v. STATE OF INDIANA.

[No. 30,276. Filed September 30, 1965. Petition for rehearing denied February 1, 1966.]

*Dane E. Mann,* of Marion, and *William C. Erbecker* and *Sam Blum,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Samuel R. Rosen,* Deputy Attorney General, for appellee.

MYERS, J.—Appellant was charged by affidavit with committing the crime of second-degree burglary. He pleaded not guilty and was tried by jury in the Grant Superior Court. A verdict was returned against him finding him guilty as charged. He was sentenced to the Indiana State Prison for not less than two years nor more than five years. A timely motion for new trial was filed which was overruled. This appeal followed.

It appears that appellant and two other defendants by name of James Koons and Edwin Altes were all charged with

unlawfully having broken and entered the building of the Meshingomesia Country Club in Marion, Indiana, with intent to commit a felony. Appellant and Edwin Altes, following their arrest, entered a plea of not guilty. Thereafter, appellant moved for a separate trial, alleging that the defendant, James Koons, had not been taken into custody and so was unavailable for trial; that defendant Altes had entered a plea of guilty to a criminal charge brought under a Federal statute; that if appellant was required to stand trial with the other two defendants his defense would be prejudiced in the eyes of the jury. This motion was granted.

At time of trial, Edwin Altes had been asked to testify on behalf of appellant. He was instructed by appellant's counsel that in so doing, Altes could incriminate himself. On the witness stand, Altes stated that during the trial he had talked with a certain detective in the hall outside the presence of counsel. After that, Altes refused to testify in favor of appellant. At the close of the evidence, appellant moved for a mistrial wherein he made the following statement:

"I don't know what the conversation was about, but it must have been something about this case and for that reason the witness would not testify for us.".

The motion for mistrial was overruled with remarks by the court as follows:

"It is not shown in any way the conversation affected Mr. Altes and his desire to testify one way or the other. In fact, the motion should have been made right away, not to wait until we see how the evidence came out."

Appellant's motion for new trial was based on this alleged irregularity, upon the court's giving General Instruction No. 7, and upon the grounds that the verdict was not sustained by sufficient evidence and was contrary to law. Appellant's assignment of errors avers manifest error in overruling the motion for new trial.

It is appellant's argument that he was prevented from having a fair trial because a witness (Altes) was "pressured"

into claiming his privilege against self-incrimination which denied appellant due process of law. He claims this was set forth in his attorney's affidavit in support of the motion for new trial which was not contradicted by counter-affidavit. He also says that the testimony of Altes supports this contention.

The affidavit filed by appellant's counsel in support of the motion for new trial, in pertinent part, is as follows:

"Comes now Dane E. Mann, who being first duly sworn upon his oath, says:

"1. That he did on the 27th day of February and thereafter represent the defendant Junior Liford, during a jury trial of the said defendant; that the said defendant was charged by affidavit, with second degree burglary.

"2. That the said defendant, Junior Liford, was found guilty and sentenced to the Indiana State Prison.

"3. That the said defendant, Junior Liford, has filed a motion for a new trial and as one of the grounds therefor alleges as follows: '(1) Irregularities in the proceeding of the court and orders of the court and abuse of discretion by which the defendant was prevented from having a fair *trial'; the following facts are basis for said ground:

"That defendant, Junior Liford, did subpoena one Edward Altes to testify on behalf of the said defendant, Junior Liford; that the said Edward Altes is also a defendant charged with the same offense and under the same affidavit as defendant Junior Liford; that the said Edward Altes was imprisoned under Federal Authority in the Marion County Jail at Indianapolis, Indiana; that the said witness, Edward Altes, was imprisoned in said jail pending a presentence investigation of a Federal Crime to which the said witness, Edward Altes did plead guilty; that the said witness, Edward Altes, was brought to the trial of defendant, Junior Liford, in the custody of a Deputy United States Marshal; that at the *trial*, one Detective Sargent Spallina, an officer in charge of the investigation of the above said defendants, and a witness of the State of Indiana, testified that the three defendants, James Koons, Junior Liford and Edward Altes were involved in the crime charged by the affidavit herein and that defendants, James Koons and Edward Altes were implicated in other crimes committed within the State of Indiana; that the witness Edward Altes was kept in the custody of the Deputy United States Marshal in the hallway and in an unused courtroom of the courthouse where defendant, Junior Liford, was

standing trial; that to the best of the knowledge and belief of affiant the witness, Edward Altes, did intend to testify for and on behalf of the defendant, Junior Liford, even though the testimony of the said witness, Edward Altes, might tend to incriminate him; that when called, the witness, Edward Altes refused to testify on the grounds that his testimony would tend to incriminate him; that while on the witness stand, the witness, Edward Altes stated that just prior to being called, Detective Sargent Spallina talked to him and that he did not have benefit of counsel while doing so; that Detective Sargent Spallina did talk to the witness Edward Altes without the knowledge or consent of counsel for the witness and defendant, Edward Altes; all of which prevented defendant, Junior Liford, from having a fair trial."

The bill of exceptions containing the recital of testimony given by Edward Altes is as follows:

"Q. State your name?
"A. Edward Virgil Altes.

"Q. Are you the same Edward Altes who is charged in this affidavit with Second Degree Burglary?
"A. Yes.

"Q. Do you know Junior Liford?
"A. Yes.

"Q. How long have you known him?
"A. About twenty years.
"Q. Is he a friend of yours?
"A. Yes.

"Q. Do you understand he is charged along with you of burglarizing the Meshingomesia Country Club and taking therefrom golf equipment, clubs, and so forth?
"A. I am acquainted with that.

"Q. You also know that along with Jimmy Koons and Junior Liford you are charged with going to the Country Club—
"By Mr. George Milford, Deputy Prosecuting Attorney: "May I say something to the Court at this time?
"(Conference between the Court, Mr. Milford and Mr. Mann, attorney for Defendant.)

"Q. You also know that along with Jimmy Koons and Junior Liford you are charged with going to the Country Club?
"A. Yes, I know I was charged with it.

"Q. When were you brought up here, Mr. Altes?
"A. This afternoon.

"Q. Were you brought up here with a habeas corpus, brought here by the United States Marshall as a witness for Junior Liford?

"A. Yes, sir.

"Q. Have you talked to anybody in that regard since you arrived? Have you talked to me?

"A. Yes.

"Q. Have you talked to anybody else?

"A. I have talked to several.

"Q. Have you talked to Detective Spallina?

"A. Yes, sir.

"Q. When did you talk to him? After this trial began this afternoon?

"A. We were out in the hall somewheres.

"Q. Was counsel with you at that time?

"A. No.

"Q. I will ask you whether or not it was a fact you went into the Meshingomesia Country Club—

"By the Court:

"At this time, the Court will inform the witness that he is jointly charged with Junior Liford and the Court cannot grant leniency in this case and therefore anything you say might be used against you.

"Q. You have conversed with me who has been appointed, as Grant County Pauper Attorney, to represent you?

"A. Yes.

"Q. I will ask you whether it is a fact you did break and enter the Meshingomesia Country Club?

"A. I refuse to answer on the grounds of incriminating me.

"By the Court:

"Let the record show the witness begs of the immunity of the Fifth Amendment.

"Q. You are claiming the Fifth Amendment?

"A. Yes.

"Q. This is—Strike the last. As Pauper Attorney, I advised you this was your privilege?

"A. Yes.

"Q. As Pauper Attorney, did I advise you definitely to do this?

"A. No, sir.

"By Mr. Mann:

"I believe that will be all.

"By Mr. George Milford, Deputy Pros. Attorney:

"No questions.

"By the Court:

"We will adjourn until 9:30 tomorrow morning."

We cannot find from the affidavit, the testimony of Altes, or any other part of the record that there was any evidence of "pressure" or of prejudicial irregularity. Even appellant's counsel admits he did not know what the detective and Altes discussed in their conversation. The trial court, or this court on appeal, cannot guess or speculate what was spoken between the two at that time. The affidavit of appellant's counsel required no contradiction. The testimony of Altes at the trial merely reflected a change of position on his part, at most, to which he was entitled at all times. His plea of the Fifth Amendment to the United States Constitution did not deny appellant his testimony as a witness, because he appeared at the request of appellant and did testify.

Appellant argues that an error of law occurred in giving Court's General Instruction No. 7 over objection. This instruction is as follows:

"General Instruction No. 7.

"The Court instructs you that it is the law in Indiana that a person engaged in the commission of an unlawful act is legally responsible for all the consequences which may naturally or necessarily flow from it. If he combines and confederates with others to accomplish an illegal purpose, he is liable criminally for everything done by his confederates which follows incidentally in the execution of the common design, as one of its probable and natural consequences.

"This rule of criminal responsibility for the acts of others is subject to the reasonable limitation that the

particular act of one of a party, for which his associates and confederates are to be held liable, and must be shown to have been done for the furtherance or in prosecution of the common object and design for which they combined together.

"Thus, it is not necessary that the State of Indiana prove that the defendant Junior Liford, himself, did actually and physically break and enter into the Meshingomesia Country Club with intent to commit the felony of Larceny.

"*The* the State of Indiana must prove, beyond a reasonable doubt, before you would be justified in finding said defendant guilty as charged, that the defendant combined and confederated with one or more of the co-defendants in the common purpose of so feloniously and burglariously breaking and entering into said Meshingomesia Country Club with intent to commit the felony of larceny, as charged in the affidavit. (Breaz v. State, 13 N. E. 2d 952 p. 953)"

Appellant says that a charge of commission of a felony and a *conspiracy* to commit the same felony are separate and not within the doctrine of included offenses, citing as authority *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729, and *Taylor, Bryant* v. *State* (1956), 235 Ind. 126, 131 N. E. 2d 297. There is no question as to the correct statement of the law by these cases. However, appellant has attempted to enlarge his objections on appeal. This cannot be done. *Richeson alias etc.* v. *State* (1953), 233 Ind. 1, 116 N. E. 2d 101. At the trial, appellant's objection to Instruction No. 7 was as follows:

"I object to Court's Instruction Number 7 on the grounds it is at variance with the affidavit charging the Defendant with Second Degree Burglary and that it adds, in effect, another count to the affidavit. Confederacy is not an included offense in Second Degree Burglary."

We find no crime known as "confederacy" in the Indiana Criminal Code. Regardless of this, appellant cannot now substitute on appeal his objections to the instruction by alleging a crime which is recognized by our Code and which was not presented to the trial court. *Patton et al.* v. *State* (1960), 240 Ind. 364, 165 N. E. 2d 377; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403. Objections not raised

by appellant at the trial are therefore considered waived. *Patton et al.* v. *State, supra; Sekularac* v. *State* (1933), 205 Ind. 98, 185 N. E. 898.

Appellant states that the instruction is not clear as to the crime concerned therein. He says:

"If the instruction is attempting to instruct the jury as to the criminal responsibility of accessories, it is probably not erroneous as to the charge in the affidavit, and if it is erroneous, it was probably not harmful to appellant. But if the jury should believe, under this instruction that appellant was guilty of conspiracy, then the instruction is both erroneous and harmful and therefore prejudicial."

That this instruction was not erroneous is supported by the case of *Breaz* v. *State* (1938), 214 Ind. 31, 13 N. E. 2d 952, which states generally that a person engaged in the commission of an unlawful act is criminally liable for all probable and natural consequences, including everything done by confederates which follows incidentally in the execution of a common design though not intended as a part of the original design.

The instruction was clear and unequivocal and could not authorize conviction of an offense not charged in the affidavit.

The other points set forth in the motion for new trial are not argued and are waived. Supreme Court Rule 2-17 (e, f). *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265.

Judgment affirmed.

Arterburn and Landis, JJ., concur. Jackson, C. J., and Achor, J., not participating.

## ON REHEARING

MYERS, C. J.—Petitioner, Junior Liford, has filed a petition in which he asserts that a judgment of the Grant Superior Court, which convicted him of second-degree burglary, was upheld and affirmed by this court on September 30, 1965 (see *Liford* v. *State* [1965], 247 Ind. 149, 210 N. E. 2d 366), but that the records are barren of any petition for rehearing

having been filed. It is claimed in this petition that Junior Liford had no knowledge of the affirmation of the judgment until December 28, 1965, at which time he contacted his attorneys, who informed him that Supreme Court Rule 2-22 requires a petition for rehearing to be filed within twenty days of the rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. He now asks that he be permitted to file a petition for rehearing because of his lack of knowledge of the law.

The record shows that petitioner was represented by counsel during the trial, other than those he has employed since then to file this petition. There is nothing to indicate that his counsel was incompetent or did not properly perform his duties. We have said that:

"* * * a client is bound by the acts or non-acts of his attorney, whether he be rich or poor, and he can not accept the benefits thereof and reject the undesirable acts or non-acts of his attorney. There are no allegations nor proof that the attorney in this case was incompetent." *In Re Lee* (1964), 246 Ind. 7, 198 N. E. 2d 231, 232.

Petitioner is now attempting to set aside and hold for naught a Supreme Court Rule of which his counsel had knowledge. He does not accuse his former counsel of negligence in failing to file the petition for rehearing. He comes to this court long after the twenty days provided for in Rule 2-22, and asks for permission to file the petition through new counsel. If we are to follow this theory, the time limits on appeals and petitions for rehearing would be wholly superfluous. There would be no end to final determination of appeals and such interpretation could only lead to chaos in the administration of justice.

The petition is denied.

Arterburn and Rakestraw, JJ., concur. Achor and Jackson, JJ., not participating.

NOTE.—Reported in 210 N. E. 2d 366. Rehearing denied in 213 N. E. 2d 704.