ATHERTON *v.* STATE OF INDIANA.

[No. 30,663. Filed September 5, 1967.]

C. *Thomas Cone,* of Greenfield, for appellant.

*John J. Dillon,* Attorney General, and *David S .Wedding,* Deputy Attorney General, for appellee.

LEWIS, J.—This was an action by the State of Indiana in the Hancock Circuit Court charging the appellant with the crime of kidnapping, pursuant to Burns' Indiana Statutes, § 10-2901 [1956 Repl.]. The case was tried by jury, and upon a verdict of guilty the Court entered judgment and sentenced appellant to a term of life of imprisonment.

Count Two of the affidavit, omitting the formal parts, reads as follows:

"The affiant aforesaid, upon his oath aforesaid, further says that WILBUR R. DAVIS, GEORGE HENRY WILLIS, RONNIE COLEMAN MURRAY AND JANET ATHERTON, on or about the 23rd day of AUGUST, 1962, did then and there feloniously, and forcibly carry away and kidnap the following person, namely HOWARD HOPKINS, from a

place within the State of Indiana to-wit: ALAMO PLAZA MOTEL then and there situate at 7550 EAST WASHINGTON STREET in said County of Marion, in the State of Indiana, with the felonious intention then and there and thereby of carrying the said HOWARD HOPKINS away from said place within said State. . . ."

Appellant urges that the court erred in overruling appellant's motion for a new trial, and urges the following two causes of such motion:

"1. The verdict of the jury is contrary to law.

"2. The verdict of the jury is not sustained by sufficient evidence."

A review of the evidence shows the substantial facts to be as follows: On or about the 23rd day of August, 1962, the appellant, accompanied by three men, drove into a motel in eastern Marion County. The appellant and one of the men entered the office of the motel and requested a room. They were told by the attendant, one Howard Hopkins, that there were not any rooms available. At that time the appellant's confederate, who had accompanied her into the motel, said in substance, "That makes no difference—this is a stick-up anyway." The confederate placed an object in the back of Hopkins, the manager, while appellant went to the cash register and removed all of the money from it. Thereupon the confederate of the appellant told Hopkins to accompany them. Hopkins was put on the floor of the motor vehicle, blindfolded, driven around for some time, and was finally cast from the automobile, and at that time was kicked in the head by one of appellant's confederates. The kicks resulted in several lacerations on the head of Hopkins.

Appellant argues that one of the basic elements in kidnaping is the utilization of force in inducing the victim to acquiesce. Appellant contends that the record is absent of any evidence that she used any force. However, there is ample evidence to prove beyond a reasonable doubt that ap-

pelant was engaged with her confederates in the unlawful act detailed herein. There was concert of action between appellant and her confederates before, during, and after the offense alleged in Count Two of the affidavit. The evidence of the victim, appellant's confession, and the confessions of her confederates, all concur in the fact that the appellant was acting in concert with the other kidnapers.

We believe the law to be clear that for two or more confederates to engage in the commission of an unlawful act, one is liable for the act of the other in furtherance of the unlawful common objective. *White* v. *State* (1941), 219 Ind. 290, 37 N. E. 2d 937. In the case of *Liford* v. *State* (1965), 247 Ind. 149, 210 N. E. 2d 366, this Court said substantially that a person engaged in the commission of an unlawful act is criminally liable for probable and natural consequences, including everything done by confederates, which follows, incidentally, in the execution of a common design, even though not intended as a part of the original design. *Liford* v. *State*, supra, quotes with authority *Breaz* v. *State* (1938), 214 Ind. 31, 13 N. E. 2d 952.

We conclude that the appellant engaged in the commission of an unlawful act with her confederates, and she is legally responsible for all the consequences which naturally and necessarily flow from her acts, including the crime of kidnaping for which she was convicted.

It is interesting to note that there is a complete absence of any evidence in the record of any attempt of the appellant to abandon her confederates on the unlawful venture.

The assignment of alleged error with regard to Instruction No. 2 and Instruction No. 3 was not considered by the Court and was deemed waived for the reason that appellant did not conform to the provisions of Rule 2-17 of this Court.

Judgment affirmed.

Hunter, C. J., and Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 239.