### Steele and Woods v. State of Indiana.

[No. 30,615. Filed September 5, 1967. Rehearing denied November 14, 1967.]

Chester H. Wilson, of Indianapolis, for appellants.

John J. Dillon, Attorney General, Edwin K. Steers, Former Attorney General, and David S. Wedding, Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal by Donald Eugene Steele and Damon Ray Woods from the verdict and the judgment of the Criminal Court of Marion County, Division Number One, by which each of the appellants was convicted of the crime of manslaughter. The indictment which charged the appellants with the offense of first degree murder, pursuant to Burns' Ind. Stat. Anno., § 10-3401, (1956 Repl.), reads as follows, omitting the formal parts:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that DONALD

EUGENE STEELE and DAMON RAY WOODS on or about the 31st day of December, A. D. 1961, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously, purposely and with premeditated malice kill and murder, JOHHNY CASTILLO, a human being, by then and there unlawfully and feloniously, purposely and with premeditated malice, striking and beating at and against the body of the said JOHNNY CASTILLO, with a ball bat, and did then and there and thereby inflict a mortal wound in and upon the body of the said JOHNNY CASTILLO, of which mortal wound the said JOHNNY CASTILLO then and there and thereby died.

And so the Grand Jurors aforesaid, upon their oaths aforesaid, do say and charge that the said DONALD EUGENE STEELE and DAMON RAY WOODS, in the manner and form and by the means aforesaid, unlawfully, feloniously, purposely and with premeditated malice did kill and murder the said JOHNNY CASTILLO, then and there being."

The conviction for manslaughter was pursuant to Burns' Ind. Stat. Anno., § 10-3405 (1956 Repl.).

Appellants assign as error the overruling of their motion for new trial. The appellants' first two grounds set out in their motion for new trial are:

"(1).

That the finding of the Court is contrary to law.

(2).

That the finding of the Court and Jury is not sustained by sufficient evidence."

*Appellee points out that the above two grounds of appellants' motion for new trial are not in the proper statutory form, pursuant to Acts of 1905, ch. 169, § 282, Burns' Ind. Stat. Anno., § 9-1903 (1956 Repl.). This case was heard before a jury and, therefore, there was no verdict of the court as appellants' motion for a new trial states. This Court was held in other cases that deviations from the statutory rule presents no question on appeal. Volderauer v.*

*State* (1924), 195 Ind. 415, 143 N. E. 674; *Adkins* v. *State* (1955), 234 Ind. 81, 123 N. E. 2d 891.

*In looking at the evidence, this Court only gives considera-tion to that part most favorable to the State, together with all reasonable and logical inferences that may be drawn therefrom.* *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *Grimes* v. *State* (1963), 244 Ind. 68, 190 N. E. 2d 663.

Four individuals were involved in a set of circumstances which led to the death of the victim, Johnny Castillo. The appellants, Steele and Woods, were aligned on the one side and the victim and his companion on the other side. While the four were in a bar an argument arose between the appel-lants and the decedent. The victim's companion struck Woods, and the appellants were asked to leave the bar. They left, but waited outside for the victim and his companion for about one-half hour. When the victim and his companion made an exit from the bar room, the appellants attacked them. Appellant Steele used a baseball bat as a weapon in this altercation. The victim, Castillo, died as a result of a skull fracture suffered from the blows of the baseball bat. His companion suffered certain wounds as well.

The appellants raise the question of sufficiency of evidence, and more specifically they argue that there is insufficient evidence to prove either of the appellants guilty of the crime of manslaughter. The argument is made that since appellant Woods did not use a lethal weapon (baseball bat), he was not guilty of the crime of manslaughter.

We consider the argument of the appellant Woods. *The mere presence of an accused at the time and place of the crime alleged is not sufficient to make such accused guilty.* *Schaffer* v. *State* (1930), 202 Ind. 318, 173 N. E. 229. We do not have, however, the fact that ap-pellant Woods was not only present with appellant Steele, but have the additional circumstance that Woods engaged in the conflict from its inception, and actually did commit an assault

and battery upon the companion of the decedent. During all the time Steele was assaulting the decedent with the baseball bat, appellant Woods was of great aid to Steele by actively engaging in the fight and assaulting the decedent's companion. *We believe the law to be clear when two or more confederates engage in the commission of an unlawful act, one is criminally liable for the act of the other in the furtherance of their common objective.* White v. *State* (1941), 219 Ind. 290, 37 N. E. 2d 937; *Liford* v. *State* (1965), 247 Ind. 149, 210 N. E. 2d 366.

Appellants argue that they were convicted of involuntary manslaughter, and appellant Woods argues that he cannot be convicted of aiding and abetting in the crime of involuntary manslaughter. We find it unnecessary to discuss that legal theory since appellants were tried as principals, and it is our conclusion that appellants were convicted of the crime of manslaughter. Burns' Ind. Stat. Anno., § 10-3405, (1956 Repl.), is as follows:

"Whoever voluntarily kills any human being without malice, expressed or implied, in a sudden heat, or involuntarily in the commission of some unlawful act, is guilty of manslaughter, and on conviction shall be imprisoned not less than two [2] years nor more than twenty-one [21] years."

The manslaughter statute includes the offense of voluntary manslaughter as well as the offense of involuntary manslaughter.

The inferences reasonably drawn from the evidence make it apparent that appellant Steele came at the decedent and his companion swinging a baseball bat while there were vicious threatening remarks made to the decedent and his companion by both appellants herein. *It is fundamental under Indiana law that a party engaging jointly in illegal acts is criminally liable for the acts of his confederates exercised*

*during the crime.* Cox v. *State* (1964), 246 Ind. 91, 201 N. E. 2d 693; *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 270.

We believe the facts in this case were such that the jury could reasonably have found that the appellant Woods was active in aiding and encouraging the appellant Steele in the unlawful killing. The evidence presented by the State of Indiana against both appellants is abundant to sustain the verdict of the jury.

Judgment affirmed.

NOTE.—Reported in 229 N. E. 2d 237.