ROGERS *v.* STATE OF INDIANA.

[No. 31,123. Filed February 13, 1968.]

*Arvin L. Steinburg,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *R. Robert Yeager* and *Robert F. Hassett,* Deputies Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a conviction for Theft pursuant to Burns' Indiana Statutes, Anno., (1967 Supp.), § 10-3030.

On appeal appellant raises the following assigned error:

That the decision of the Trial Court is not supported by sufficient evidence, rendering it contrary to law.

The prosecuting witness, one Bice R. Taulman, was in a tavern from about 7:30 on the night of the robbery, March 13, 1966, until 1:30 A.M., March 14, 1966. Taulman left the tavern and went to his automobile which was parked across the street. While Taulman was seated behind the steering wheel of his car, a man named "Bowling" entered and sat in the front seat beside him, then opened the rear door of the car admitting the appellant. "Bowling" then drew a knife and directed Taulman to hand over his wallet, loose bills, watch and ring, to the appellant. The appellant accepted

the articles and, subsequently, returned the wallet to Taulman after removing the money.

Then, "Bowling" and the appellant got out of the car and returned to the tavern. Taulman followed them into the tavern and immediately called the police. The appellant and "Bowling" were positively identified by the prosecuting witness, Taulman.

It is appellant's contention that the State has not sufficiently proven that the appellant committed the robbery or, more specifically, that he participated in the robbery. Appellant urges that he said nothing to the victim during the robbery and did not show or use any force which would have caused the victim to be apprehensive. It is his ultimate conclusion that the State has only proven that appellant was in the car and accepted the articles from the victim and that such conduct does not constitute the required acts considered to be robbery.

In *Atherton* v. *State* (1967), 248 Ind. 354, 229 N. E. 2d 239, a similar situation arose. The appellant had "scooped" some money out of a drawer in a motel robbery. Subsequently, her accomplice kidnapped the motel attendant. In answering the appellant's defense that she had used no force and had not participated in the kidnapping of which she was convicted, this Court stated:

> ". . . There was concert of action between appellant and her confederates before, during, and after the offense alleged . . . The evidence . . . concur [s] in the fact that the appellant was acting in concert with the other kidnappers."
> "We believe the law to be clear that for two or more confederates to engage in the commission of an unlawful act, one is liable for the act of the other in furtherance of the unlawful common objective. . . ."

Also, the following comment was made by the Court in *Atherton* v. *State* (*supra*):

> "It is interesting to note that there is a complete absence of any evidence in the record of any attempt of the appellant to abandon her confederates on the unlawful venture."

*Steele* v. *State* (1967), 249 Ind. 81, 229 N. E. 2d 237, reads as follows:

". . . The mere presence of an accused at the time and place of the crime alleged is not sufficient to make such accused guilty. *Schaffer* v. *State* (1930), 202 Ind. 318, 173 N. E. 229. We do have, however, the fact that appellant Woods was not only present with appellant Steele, but have the additional circumstance that Woods engaged in the conflict from its inception, and actually did commit an assault and battery upon the companion of the decedent. During all the time Steele was assaulting the decedent with the baseball bat, appellant Woods was of great aid to Steele by actively engaging in the fight and assaulting the decedent's companion. We believe the law to be clear when two or more confederates engage in the commission of an unlawful act, one is criminally liable for the act of the other in the furtherance of their common objective. *White* v. *State* (1941), 219 Ind. 290, 37 N. E. 2d 937; *Liford* v. *State* (1965), 247 Ind. 149, 210 N. E. 2d 366."

We conclude that the appellant's acts of getting into the car with "Bowling," acceptance of the stolen articles, leaving the car with "Bowling" and entering the tavern with him are sufficient to place the appellant well within the doctrine as established by *Steele* v. *State* (*supra*).

On appeal from a criminal conviction where the sufficiency of the evidence is challenged, the Supreme Court cannot weigh the evidence but will only consider the evidence most favorable to the State, and the reasonable inferences to be drawn therefrom, to determine whether the Court was warranted in returning a decision of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

The evidence submitted was sufficient to warrant a conviction, and the judgment is affirmed.

Arterburn, Hunter, Jackson and Mote, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 654.