JOHN PINKLER *v.* STATE OF INDIANA.

[No. 1076S350. Filed July 6, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Lawrence D. Giddings, Bobby Jay Small, David P. Freund,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was convicted in the Madison Circuit Court of the offenses of inflicting physical injury in the commission of a robbery, Ind. Code § 35-13-4-6 (Burns 1975) and commission of a felony while armed, Ind. Code § 35-12-1-1 (Burns 1975). On appeal he raises two issues:

(1) whether the evidence of appellant's guilt was sufficient; and

(2) whether the trial court committed fundamental error in entering judgment and sentence upon guilty verdicts for both of the offenses charged.

## I.

The State contends that appellant has waived the issue of the sufficiency of the evidence by his failure to specify the alleged insufficiency, as required by Ind. R. Tr. P. 59(B). However, Ind. R. Tr. P. 50(A) allows the issue of the sufficiency of the evidence to be raised for the first time on appeal in a criminal case. It follows that if complete omission of this issue from a motion to correct errors does not bar its consideration on appeal, imperfectly specific inclusion will not do so either. *Hickland and Collins* v. *State,* (1977) 266 Ind. 430, 364 N.E.2d 750.

In the evening hours of November 15, 1975, John Biddle was working at the Convenient Food Mart in Anderson, Indiana.

Around closing time, two men came into the store, made some purchases, and left. Just after closing one of these men returned and asked to buy a jar of mayonnaise. When Mr. Biddle opened the door, the two men, David Montgomery and John Thornton, forced their way inside. Thornton had a pistol; both men demanded the money from the store's safe. When Mr. Biddle brought them the money, Thornton accused him of not bringing all the money, and struck Biddle across the top of the head with his pistol. The pistol discharged wounding Biddle in the cheek and jaw. The men left with the money.

David Montgomery testified that he, Thornton, and appellant went to the Convenient Food Mart on the night in question in an automobile belonging to Montgomery's girlfriend. Montgomery drove and appellant rode in the back seat. Upon arriving at the store, Montgomery and Thornton went in and bought soft drinks, cigarettes and lunch meat. They returned to the car where Thornton told appellant "that it was cool." Pinkler replied that his coat was loud and identifiable. Montgomery offered to go in and "take off," or rob, the store. Appellant gave him a small calibre pistol. Thornton and Montgomery proceeded to commit the robbery described above. When they returned to the car, appellant was behind the wheel and the engine was running, although Montgomery had not left it running. Appellant drove the two men to a nightclub where they split evenly the three hundred dollars taken from the Convenient Food Mart.

Detective Stephen Randolph testified that he had related a statement by Montgomery to appellant during questioning. The statement was that appellant had driven the car away from the scene of the robbery. Appellant admitted the truth of the statement.

Appellant admits that under Indiana Code § 35-1-29-1 (Burns 1975) anyone who aids, abets, counsels, encourages, hires, commands, or otherwise procures the commission of a felony may be charged and tried as though he were the principal perpetrator of the felony. Ap-

pellant contends, however, that the evidence fails to show that he intended to further the commission of any crime. The "aid or abet" language of the accessory statute imposes criminal liability upon one who knowingly renders assistance to another in the commission of a felony. *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188. Appellant aided Montgomery and Thornton by giving Montgomery a pistol and by waiting at the wheel of the car to insure quick escape. The jury could infer that appellant knew that his companions intended to commit a robbery from his actions and the conversation related by Montgomery, particularly appellant's concern over the distinctiveness of his coat. Moreover, while presence at the commission of a felony and association with the principals are not in themselves sufficient facts to constitute one an accessory, they are circumstances which the jury may consider in determining whether appellant knowingly assisted the robbers. *Amaro* v. *State,* (1968) 251 Ind. 88, 239 N.E.2d 394.

There is of course no evidence from which it could be inferred that appellant knew that Thornton would injure Mr. Biddle, or intended that result. However, an accomplice is liable for acts of the principal, which though not part of their original plan, are probable and natural consequences thereof. *Banks* v. *State,* (1976) 265 Ind. 71, 351 N.E.2d 4; *Dozier* v. *State,* (1976) 264 Ind. 329, 343 N.E.2d 783; *Atherton* v. *State,* (1967) 248 Ind. 354, 229 N.E.2d 239; *Liford* v. *State,* (1965) 247 Ind. 149, 210 N.E.2d 366; *White* v. *State,* (1941) 219 Ind. 290, 37 N.E.2d 937. In *Dozier* and *White,* accessories to robberies were held criminally liable for murders committed by their confederates in the commissions of those robberies. This case is distinguishable only in that Mr. Biddle, fortunately, did not die of the injury inflicted upon him.

Appellant also argues that there is not evidence sufficient to convict the principals. This assertion flies in the face of the record. Both the victim Biddle and one of the principals, Montgomery, described the armed robbery. Biddle testified as

to the injury he received from Thornton, and was corroborated by abundant circumstantial evidence.

Finally appellant asserts that his conviction rests upon the testimony of Montgomery, a principal offender, who will in all likelihood receive some lesser penalty than appellant. We note first that appellant admitted his participation in these crimes to Detective Randolph. Appellant does not dispute the well established rule that a conviction may rest upon the uncorroborated testimony of an accomplice. *Coleman* v. *State*, (1975) 264 Ind. 64, 339 N.E.2d 51, 54, and cases cited. We have previously determined that acceptance of a guilty plea from the principal to a lesser offense does not affect the validity of an accessory's conviction. *Combs* v. *State*, (1973) 260 Ind. 294, 295 N.E.2d 366. There was sufficient evidence to support appellant's conviction.

## II.

Appellant argues that his conviction and sentencing upon both counts of the information, commission of a felony (robbery) while armed and inflicting physical injury in the commission of a robbery was fundamental error. Fundamental error is error which a reviewing court will correct if it appears from the record regardless of the appellant's failure to raise or preserve the error. Appellant must show this assigned error to be fundamental error because he omitted the issue from his motion to correct errors.

Appellant is correct in asserting that his conviction for armed robbery is barred by his conviction for infliction of injury. *Roberts* v. *State*, (1977) 266 Ind. 72, 360 N.E.2d 825; *Thomas* v. *State*, (1976) 264 Ind. 581, 348 N.E.2d 4; *Swininger* v. *State*, (1976) 265 Ind. 136, 352 N.E.2d 473. He is also correct in asserting that such error is fundamental. *Swininger* v. *State, supra,* at 352 N.E.2d 479. Therefore the judgment and sentence upon the jury's verdict of guilty of Count II, commission of a felony while armed, must be vacated.

## III.

The State has advanced several arguments to the effect that appellant has waived both issues sought to be raised by appellant because the arguments in appellant's brief fail to comply with Ind. R. Ap. P. 8.3(A), which regulates the arrangement and contents of appellant's briefs. Rule 8.3(A) was adopted by this Court to facilitate our thorough, orderly, and expeditious consideration of appeals. It confers no right on the appellee to avoid the substance of an appellant's arguments; the right to invoke the sanction of the rule belongs to the reviewing court, for whose benefit the rule was intended. This Court and the Court of Appeals have often refused to consider issues because of noncompliance with Rule 8.3(A), especially where that noncompliance was found to be so substantial as to interfere with rational consideration of the issues, or was the result of the lack of a good faith effort to comply with the rule. See *Davis* v. *State,* (1976) 265 Ind. 476, 355 N.E.2d 836, 839. But the primary purpose of appellate review is to ensure that justice is done in our courts and to provide unity and coherence in judicial application of the laws, not to secure compliance with technical rules prescribing the form and arrangement of appellate briefs. By diverting its energy and resources to the search for Rule 8.3(A)(7) waivers, a party avoids its duty to assist the Court in determining the law and its proper application to the facts of the case.

This case is remanded to the trial court with instructions to vacate the judgment of conviction imposed on Count II of the information; the conviction upon Count I is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 364 N.E.2d 126.