ROBBIE SANDERS AND ROBERT SANDERS *v.* STATE OF INDIANA.

[No. 976S314. Filed March 10, 1978.]

George K. Shields, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Jack R. O'Neill, Deputy Attorney General, for appellee.

GIVAN, C.J.—The appellants were charged with first degree burglary, murder during the commission of first degree burglary and first degree murder. They were convicted by jury of second degree murder and sentenced to indeterminate terms of 15 to 25 years.

The decedent, Harry R. Thomas, was bludgeoned to death in the home of his daughter, Carolyn Sanders. She testified that she was awakened at approximately 3:00 a.m. on October 19, 1975, by her husband, Nathaniel Sanders, and the appellants. She stated that she entered the front room and saw both appellants stomping and beating the decedent while he was lying on the floor. Her ten-year-old daughter testified that she was awakened by a knock at the bedroom

door and her mother's scream. She stated that she went to the door and saw the appellants and her father beating on her grandfather with fists and what looked like poles or posts. An autopsy revealed that the decedent had died as a result of multiple, blunt-force body injuries.

The appellants demonstrated that the testimony at trial of decedent's daughter differed from her testimony given to the grand jury. Before the grand jury she had denied seeing any altercation between her father and the appellants. Appellants also introduced alibi evidence that they had been with friends and had not been to the decedent's residence during the night of the alleged fight.

Appellants first claim there was insufficient evidence to sustain the verdict. Although there is a substantial amount of conflict in the testimony given at the trial, this Court will not weigh the evidence or judge the credibility of the witnesses. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776. Viewing the evidence most favorable to the State, there is evidence sufficient to support the jury's verdict of second degree murder.

Appellants next claim the trial court erred in admitting State's exhibits numbered 6, 7, 8, 20 and 21. State's exhibits numbered 6, 7 and 8, were photographs which depicted wooden posts lying on the decedent's living room floor. The appellants argue that the admission of these photographs prejudiced them because an inference was created which was not supported by other evidence that the posts were used to beat the decedent. However the evidence shows that these instruments were on the floor at the time the police officers entered the premises. In addition, the decedent's granddaughter had testified that she saw her grandfather being beaten with what looked like posts. The photographs correctly depicted the scene upon arrival of police officers and were corroborative of the testimony of

the granddaughter. The trial court did not err in the admission of State's exhibits numbered 6, 7 and 8.

State's exhibit numbered 16 was a photograph of the bathroom. The tub was visible and was shown to contain a dark substance and a portion of the decedent's leg. Appellants argue that there was no testimony proving that the substance in the tub was blood and that the granddaughter testified that she did not see anything in the bathtub at the time of the killing. The record discloses, however, that the only testimony of the granddaughter concerning the tub was that it was empty before she went to bed on the night of October 19, 1975. She stated that she did not look at the bathtub and its contents when she left the house after the altercation had occurred. Exhibit numbered 16 was relevant, both to show the condition of the bathroom when the police officers entered the residence and to place the decedent's body within the bathroom. The trial court did not err in admitting State's exhibit numbered 16.

Appellants claim the trial court erred in admitting State's exhibits numbered 20 and 21, the same being a pair of high-top brown boots which belonged to Nathaniel Sanders. Appellants claim the boots were improperly admitted because Nathaniel Sanders was not connected or charged with the murder of the decedent. We find no merit in this reasoning. There was substantial evidence to support the inference that Nathaniel Sanders participated in the beating. There is also evidence that the decedent had been stomped during the fight. This Court has held that an individual will be criminally liable for the probable and natural consequences of his unlawful acts and that confederates will be liable for any acts incidental to the execution of the common design, even though the act was not intended as a part of the original design. *Atherton* v. *State,* (1967) 248 Ind. 354, 229 N.E.2d 239; *Liford* v. *State,* (1965) 247 Ind. 149, 210 N.E.2d 366. In the case at bar the boots could be considered by the jury in connection with the evi-

dence that the decedent had been stomped and kicked and that Nathaniel Sanders had participated in the fight. The trial court did not err in permitting State's exhibits numbered 20 and 21 in evidence.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE.—Reported at 373 N.E.2d 170.